640 N.E.2d 1323 (1994)
266 Ill. App.3d 1029
203 Ill.Dec. 950
D.P., Individually and as Mother and Next Friend of C.J.P., a Minor, and T.G., Plaintiffs-Appellants,
v.
M.J.O., Sr., and J.M.O., Defendants-Appellees.
No. 1-92-3240.
Appellate Court of Illinois, First District, Fifth Division.
September 30, 1994.
*1324 Daniel F. Capron, Capron, Avgerinos & Popelka, P.C., Chicago (Robert Marc Chemers, Michael A. Clarke, Pretzel & Stouffer, Chartered, of counsel), for appellants.
Edward J. Burt, Urban, Burt & Cossidente, Ltd., Oak Forest, for appellees.
Justice GORDON delivered the opinion of the court:

BACKGROUND
In July 1991 plaintiffs, D.P. and T.G., filed an action for damages against their Parents resulting from alleged childhood sexual abuse committed against them by their father, defendant M.J.O., Sr. on a continuing basis from the time they were three years of age and continuing until September, 1980. The original complaint was dismissed pursuant to the motion of defendants under § 2-619(5) of the Code of Civil Procedure (735 ILCS 5/2-619(5) (West 1992)) and an amended complaint was filed.
The first amended complaint is in four counts. The first count seeks recovery from the father for acts which he allegedly committed against the plaintiff-daughters during their childhood until September, 1980. With respect to the applicable limitations, that count provides at paragraph four thereof as follows: "This action was commenced within two (2) years of the date on which the plaintiffs *1325 discovered that the foregoing damage was caused by the childhood sexual abuse of the defendant, [M.J.O., Sr.], and not more than twelve (12) years after the plaintiffs attained the age of eighteen (18) years." Count II seeks recovery against the mother on an assault theory. It alleges that on several occasions through and including July 1990, the defendant mother threatened the plaintiffs with bodily harm if they publicly disclosed that they had been sexually assaulted as children by their father. Count III is brought by one of the plaintiffs, D.P., as the mother and next friend of her six-year-old child, C.J.P., alleging that C.J.P. was sexually assaulted by her grandfather defendant, M.J.O., Sr., in 1989. Count IV is apparently directed against both defendants charging them with the negligent infliction of emotional distress resulting in the breach of their duties of parental love and affection which they owed to the plaintiffs.
Defendant M.J.O., Sr. moved to dismiss Counts I and IV pursuant to § 2-619(5) of the Code of Civil Procedure on the ground that these actions were time barred under the limitations period imposed by § 13-202 of the Limitations Act (735 ILCS 5/13-202 (West 1992)) insofar as they were not filed within two years after the plaintiffs reached their majority. The mother defendant J.M.O. did not join in that motion nor did the father defendant, M.J.O., Sr., move to dismiss count III (filed on behalf of the grandchild.)
In support of his motion to dismiss counts I and IV, defendant M.J.O., Sr., alleged the undisputed fact that plaintiffs were aged 28 and 26 respectively when they filed their lawsuit in 1991. The trial court granted the motion of defendant, M.J.O., Sr., and entered an order on August 21, 1992, dismissing counts I and IV as to him.
In granting the dismissal motion, the trial court stated as follows:
"... I agree with counsel for the movant's position that it isn't truly a discovery case.
I think what we have here is a previously barred cause of action that can't be revived by a changing of the statute of limitations which in this case does shorten it under 13-202.2....
I don't think it should be extended. I don't think you had a cause of action, and therefore, any retroactive application does not revive a previously stale cause of action. I'll make that ruling."
At plaintiffs' request, the court added a finding under Supreme Court Rule 304(a) (134 Ill.2d R. 304(a)) to render the dismissal order final and appealable.

OPINION
Plaintiffs contend that notwithstanding the fact that they filed this action more than nine years after the last act was allegedly committed by the defendant which would subject him to liability, the trial court incorrectly concluded that its action was time barred and not subject to extension by the application of the judicially developed discovery rule. Plaintiffs further contend that even if this action would have been time barred within two years after the plaintiffs reached thenrespective majorities pursuant to § 13-202 of the Limitations Act, the action would have been revived by the subsequent enactment of § 13-202.2 of the Limitations Act (735 ILCS 5/13-202.2 (West 1992)) which expressly provides for the application of the discovery rule and, which plaintiffs contend, manifests an express legislative intent to apply retroactively to claims that otherwise would have been time barred under the preexisting applicable statutes of limitation.
We agree with plaintiffs' first contention that the trial court erred in refusing to apply the discovery rule to this cause of action and for that reason reverse and remand. However, we agree with the trial court's rejection of plaintiffs' second contention that, even if time barred, the action would have been revived by the enactment of § 13-202.2.
There is no question that presently under Illinois law the judicially developed discovery rule will be applied to extend the limitations for actions based upon childhood sexual abuse in cases of suppressed memory of the abuse. (See Phillips v. Johnson (1992), 231 Ill.App.3d 890, 174 Ill.Dec. 458, 599 N.E.2d 4; Franke v. Geyer (1991), 209 Ill.App.3d 1009, 154 Ill.Dec. 710, 568 N.E.2d 931.) Defendant contends, however, that in *1326 this case the discovery rule is not applicable because plaintiffs did not allege a suppressed memory of the abuse but have pleaded belated discovery of any causal connection between the abuse when they were children and the problems which they allegedly suffered as adults.
Generally, the discovery rule as developed at common law requires both knowledge of the injury and of its wrongful cause before the statute of limitations begins to run. (See Witherell v. Weimer (1981), 85 Ill.2d 146, 155-56, 52 Ill.Dec. 6, 11, 421 N.E.2d 869, 874.) The knowledge need not be actual or certain so long as "[a]t some point the injured person becomes possessed of sufficient information concerning his injury and its cause to put a reasonable person on inquiry to determine whether actionable conduct is involved. At that point, under the discovery rule, the running of the limitations period commences." Knox College v. Celotex Corp. (1981), 88 Ill.2d 407, 416, 58 Ill.Dec. 725, 729-30, 430 N.E.2d 976, 980-81.
The applicability of the discovery rule to childhood sexual abuse was codified by a special amendatory act in 1990, § 13-202.2 of the Limitations Act. In that amendatory act the legislature explicitly articulated that the discovery rule as applied to childhood sexual abuse applied both to the fact that the abuse occurred as well as to the knowledge that the injury was caused by such abuse. In that respect the amendatory act correlates the applicability of the discovery rule in child abuse cases to the general application of the discovery rule under Witherell v. Weimer and under Knox College v. Celotex. Section 13-202.2 provides:
"(b) An action for damages for personal injury based on childhood sexual abuse must be commenced within 2 years of the date the person abused discovers or through the use of reasonable diligence should discover that the act of childhood sexual abuse occurred and that the injury was caused by the childhood sexual abuse..."
Section 13-202.2, however, did not take effect until more than two years expired after each of the adult plaintiffs in this case reached the age of majority. The question therefore still remains whether before the enactment of § 13-202.2 the common law discovery rule applied to those cases where the memory of the abuse was not suppressed but where the victim claimed not to have had awareness of the connection between the abuse and his ultimate symptoms. The question further remains whether, as a matter of law, memory of the abuse is sufficient to put a person on inquiry as to whether various emotional and psychological symptoms experienced in adulthood were the result of such early abuse.
If, under the common law, belated discovery of the injury in childhood abuse cases extended the limitation period even where memory of the abuse was not repressed, then the basis of the trial court's conclusion was erroneous. Under that posture there would be no need to look to the amendatory act to revive plaintiffs' cause of action since there would be no basis upon which to conclude that their action had ever expired before the amendatory act became effective. However, if the common law discovery rule in childhood abuse cases applies only where the memory of the abuse was repressed, then the trial court would have correctly concluded that plaintiffs' action would have expired before the effective date of the amendatory act and that only by permitting retroactive application of the amendatory act could their action conceivably be revived.
There is division among those states which have judicially developed discovery rules similar to Illinois as to whether the discovery rule warrants application to childhood sexual abuse cases where the memory of the abuse remained intact but the knowledge as to its cause of the injury was belatedly discovered. (See Johnson v. Johnson (N.D.Ill.1988), 701 F.Supp. 1363.) Apparently courts in California and Montana have refused to apply the discovery rule to those instances where the plaintiff remained aware of the abuse but was unaware of the causal connection between the abuse and the consequent symptoms. These courts nevertheless reserved judgment as to whether the discovery rule would apply where the plaintiff alleged repressed memory as to whether the abuse *1327 occurred. (See DeRose v. Carswell (1987), 196 Cal.App.3d 1011, 242 Cal.Rptr. 368; E.W. v. D.C.H. (1988), 231 Mont. 481, 754 P.2d 817.) Wisconsin, on the other hand, applied its discovery rule in both instances where there was repressed memory of the abuse as well as instances in which the memory of the abuse was intact but the connection between the abuse and the injury was belatedly discovered. See Hammer v. Hammer (1987), 142 Wis.2d 257, 418 N.W.2d 23; see generally Johnson v. Johnson, 701 F.Supp. at 1367-68.
In Illinois this question has been more directly addressed in Franke v. Geyer (1991), 209 Ill.App.3d 1009, 154 Ill.Dec. 710, 568 N.E.2d 931. There the court expressly concluded that the statute of limitations did not begin to run until "the plaintiff either knew or reasonably should have known both that an injury had occurred and that it was wrongfully caused." (Franke v. Geyer, 209 Ill.App.3d at 1012, 154 Ill.Dec. at 712, 568 N.E.2d at 933.) In that respect the scope of the judicial discovery rule in child sex abuse cases was deemed to be no different than the applicability of the rule generally under the decisions in Knox College v. Celotex and Witherell v. Weimer. However, in Franke v. Geyer the plaintiff pleaded in her complaint that she was "in constant dread and apprehension that such acts were about to occur" and that her emotional distress started "from the time the abuse started to the present." (Franke v. Geyer, 209 Ill.App.3d at 1012, 154 Ill.Dec. at 712, 568 N.E.2d at 933.) The court therefore concluded in Franke v. Geyer that even though plaintiff may not have discovered the full extent of her injuries until some 13 or 14 years later as of the time the plaintiff reached majority she "had sufficient information concerning her injury and its cause to put her on inquiry as to whether actionable conduct was involved." Franke v. Geyer, 209 Ill.App.3d at 1012, 154 Ill.Dec. at 712, 568 N.E.2d at 933.
Thus, under the approach of the court in Franke v. Geyer, the judicial discovery rule applies in childhood sex abuse cases to the belated discovery of the connection between the abuse and the injury as well as to those instances of repressed consciousness of the abuse itself. Nevertheless, that court strictly scrutinized the pleadings to determine whether the state of the victim's awareness was such which could reasonably have put her on notice of that nexus between the abuse and her injuries. We agree with that approach.
In the instant case however, the pleadings regarding the plaintiffs' belated discovery of the connection between their abuse and their symptoms is sparse and conclusory. Unlike the pleadings in Franke v. Geyer, the pleadings in this case do not provide any basis upon which to evaluate whether the state of the plaintiffs' awareness was sufficient to have put them on notice of that connection at any earlier time. Accordingly, the trial court was premature in dismissing Counts I and IV pursuant to defendant's fact motion brought under § 2-619(5) of the Code of Civil Procedure. No extrinsic facts outside of the pleadings were offered by the movant from which any evaluation could have been made as to whether the state of the plaintiffs' awareness was sufficient to put them on notice of the connection between the abuse and the injury.
We recognize that because of their sparsity the allegations of belated discovery in plaintiffs' complaint are formally insufficient and fail to provide sufficient factual underpinnings upon which to reasonably evaluate whether plaintiffs had constructive knowledge of the connection between the abuse and their injuries. Arguably, the complaint could have been stricken by reason of its formal insufficiency in pleading plaintiffs' belated discovery. (See Chicago Park District v. Kenroy, Inc. (1978), 58 Ill.App.3d 879, 888, 15 Ill. Dec. 887, 893, 374 N.E.2d 670, 676 (stating plaintiff requesting application of the discovery rule must plead facts to explain why the cause of action was not discovered sooner); accord Pratt v. Sears Roebuck & Co. (1979), 71 Ill.App.3d 825, 28 Ill.Dec. 304, 390 N.E.2d 471.) However, such insufficiency would not justify a dismissal with prejudice but would require that the trial court grant leave to amend. Davies v. Martel Laboratory Services, Inc. (1987), 157 Ill. App.3d 686, 688, 110 Ill.Dec. 88, 91, 510 N.E.2d 1119, 1121 (stating that "[l]eave to *1328 amend should be granted unless it is apparent that even after amendment no cause of action can be stated").
While the plaintiff in this case did not request leave to amend, it would be unfair and unwarranted to affirm the trial court's dismissal on that procedural ground. It is apparent from the remarks of the trial court in articulating the reasons for its dismissal that its rejection of the judicially developed discovery rule to extend the limitations period in claims for childhood abuse was based upon the substantive ground that it applied only to cases of repressed memory of the abuse. Under these circumstances, it would have been a futile act to request leave to amend where the plaintiffs' complaint was dismissed on a non-amendable ground. See, for example, Stamp v. Batastini (1993), 263 Ill.App.3d 1010, 1021, 201 Ill.Dec. 184, 192, 636 N.E.2d 616, 624 wherein this court stated,
"Like the plaintiff in Johnson, plaintiff's complaint was dismissed on a non-amendable ground. It would have been futile for the plaintiff to seek leave to amend in the trial court to factually support his legal theory of negligence which the trial court appeared to reject as non-actionable ... Consequently, we determine that plaintiff should have the opportunity to amend his complaint on remand in spite of his failure to seek leave to amend in the first instance in the trial court."
See also Geaslen v. Berkson, Gorov & Levin, Ltd. (1993), 155 Ill.2d 223, 230, 184 Ill.Dec. 385, 388, 613 N.E.2d 702, 705 (analogously permitting such amendment pursuant to Supreme Court Rule 366(a)(5) (134 Ill.2d R. 366 (a)(5))).
We agree that had this action been time barred in 1990, the enactment of the amendatory act under § 13-202.2 would not have been effective to revive an otherwise time barred action. (See Board of Education v. Blodgett (1895), 155 Ill. 441, 40 N.E. 1025.) In Country Mutual Insurance Co. v. Knight (1968), 40 Ill.2d 423, 240 N.E.2d 612, our supreme court stated:
"In Illinois, as in the majority of jurisdictions, the right to set up the bar of the statute of limitations, after the statute has run, as a defense to a cause of action, has been held to be a vested right which cannot be taken away by statute, regardless of the nature of the cause of action." (40 Ill.2d at 428, 240 N.E.2d at 615.)
(See also Board of Education v. Blodgett, 155 Ill. at 447, 40 N.E. at 1026-27; Annot., 133 A.L.R. 384 (1941); 11 I.L.P. Constitutional Law § 212 (1981).) Nor would the language of § 13-202.2(e) indicate a legislative intent to give retroactive application to the provisions of the amendatory act in face of the constitutional infirmities which Illinois has recognized in attempting to revive a time barred action. See Board of Education v. Blodgett 155 Ill. at 446-50, 40 N.E. at 1026-28; Country Mutual Insurance v. Knight 40 Ill.2d at 428-29, 240 N.E.2d at 615-16.
Section 13-202.2(e) provides "this Section applies to actions pending on the effective date of this amendatory Act of 1990 as well as to actions commenced on or after that date." It is true that the action at bar was commenced after the amendatory act became effective and was therefore arguably subject to inclusion within the scope of subparagraph (e). However, there is no compelling reason to construe the language of subparagraph (e) to manifest a legislative intent to revive actions which were already time barred. In the face of the constitutional problems which such a construction would engender, this provision could more readily be construed as applying prospectively to actions which were otherwise still alive as of the effective date of the amendatory act and would therefore require no revival. See Country Mutual Insurance v. Knight 40 Ill.2d at 428, 240 N.E.2d at 615.
Nevertheless, for the reasons previously discussed it was premature for the trial court to determine that this cause of action was time barred under the judicially developed discovery rule without necessitating the invocation of the subsequently enacted § 13-202.2. Accordingly, we reverse the order of the trial court dismissing counts I and IV of plaintiffs' complaint with prejudice. We remand this matter back to the trial court with direction to provide the plaintiffs with an opportunity to replead their allegations of belated discovery in sufficient detail before *1329 making a determination from the face of the complaint alone as to whether the discovery rule may apply in accordance with our foregoing discussion.
Reversed and remanded.
MURRAY, P.J., and McNULTY, J., concur.