WILLIAM PERRY BENTON, Plaintiff-Appellee, v. ROBERT J. VONNAHMEN *et al.*, Defendants-Appellants.

Fifth District   No. 5—96—0527

Opinion filed May 9, 1997.

Robert E. Becker, of Becker, Paulson & Hoerner, P.C., of Belleville, for appellant Robert J. Vonnahmen.

David Wells, Conny Davinroy Beatty, and Karen A. Carr, all of Thompson & Coburn, of St. Louis, Missouri, for appellant Catholic Diocese of Belleville, Inc.

Jerald J. Bonifield and Jon Rosenstengel, both of Bonifield & Rosenstengel, of Belleville, and Jeffrey R. Anderson and Mark A. Wendorf, both of Reinhardt & Anderson, of St. Paul, Minnesota, for appellee.

JUSTICE WELCH delivered the opinion of the court:

On May 2, 1994, William Perry Benton filed a complaint in the circuit court of St. Clair County against the Reverend Robert J. Vonnahmen, individually and as an agent of the Catholic Diocese of Belleville, Inc., and the Catholic Diocese of Belleville, Inc., seeking compensatory and punitive damages for injuries he allegedly suffered as a result of sexual abuse by Vonnahmen, a Roman Catholic priest. At the time the complaint was filed, Benton was 31 years of age. The sexual abuse for which Benton sought damages allegedly occurred between 1977 and 1980, while Benton was between the ages of 15 and 18 years old. However, the sexual relationship between Benton and Vonnahmen continued until early 1993, when Benton was 30 years of age. Benton's complaint alleges that because of the psychological distress and the coping mechanisms which resulted from the sexual abuse, he did not realize that he had been "sexually abused" and injured thereby until shortly before he filed his complaint. The complaint seeks compensatory and punitive damages from Vonnahmen for battery and intentional infliction of emotional distress, and compensatory and punitive damages from the Catholic Diocese of Belleville, Inc. (Diocese), on the basis of *respondeat superior* and for its negligence in failing to properly supervise and warn Benton.

Vonnahmen filed a motion to dismiss and a supplemental motion to dismiss Benton's action for the reason that it was not commenced within the time limited by law. The Diocese filed a motion for summary judgment in its favor for the same reason, that is, that Benton's action was not brought within the time allowed by law. For reasons that it did not make explicit, the trial court, in an order entered August 23, 1995, denied the defendants' motions. Motions to reconsider were denied. For reasons not pertinent here, the defen-

dants filed separate applications for leave to appeal from the trial court's orders (155 Ill. 2d R. 308). This court granted the applications, and the appeals have been consolidated by this court for decision.

Certain facts are undisputed for purposes of the motions before the trial court and this appeal. When Benton was 15 years old, Vonnahmen initiated a sexual relationship with him which continued for 16 years. Vonnahmen ended the relationship in 1993. Around this time, Benton learned of other lawsuits alleging sexual misconduct against Vonnahmen, and he first learned that his relationship with Vonnahmen was not "special" and that they were not "lovers" as he had thought. Benton contacted an attorney, who referred him to a psychotherapist.

In therapy, Benton first began to realize that he had been sexually abused by Vonnahmen while he was a boy and that he had been injured by that abuse. Benton filed this lawsuit seeking compensation for his injuries.

This case does not involve "repressed memories" that only surfaced after Benton began therapy. Benton knew and remembered at all times that he had been having sexual relations with Vonnahmen since he was 15 years old. Benton simply did not realize until he began therapy that the sexual conduct constituted "abuse" which had injured him. Benton testified that Vonnahmen had told him that their conduct together was not sinful and was part of God's plan for Benton.

However, Benton also testified in deposition that he graduated from Southern Illinois University in 1992 with a bachelor of science degree in elementary education. He understood at least as far back as 1990 that sex between adults and minors constituted misconduct and was illegal. He knew by the time he was 21 years of age that adults were not supposed to have sex with children. He stated, however, that he did not apply this knowledge to his own circumstances until he began therapy. Benton also knew that he had been having suicidal thoughts and other emotional problems at various times since age 14. Until therapy he did not connect these problems to the sexual abuse by Vonnahmen. Despite all of this, Benton did not file his cause of action against Vonnahmen and the Diocese until 1994, when he was 31 years of age, and only after other similar causes of action had been brought against the same defendants.

■ Prior to 1991, two statutes defined the applicable limitations period for childhood sexual abuse claims in Illinois. The first, section 13—202 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1989, ch. 110, par. 13—202 (now 735 ILCS 5/13—202 (West 1992))), prescribed

a two-year limitations period from the time of injury for personal injury claims. The second, the tolling statute for minors, section 13—211 of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 13—211 (now 735 ILCS 5/13—211 (West 1992))), tolled the personal injury limitations period in cases involving people harmed as minors. Under the latter provision, a person injured prior to age 18 could file a personal injury lawsuit up to two years after the eighteenth birthday. The net effect of these statutory sections was that a childhood sexual abuse victim had no statutory right to file suit for his injuries after age 20.

In order to mitigate the harsh effect of a literal application of these limitations periods to victims of childhood sexual abuse who may have repressed memories of that abuse or who may have been unable to make the connection between the abuse suffered and injuries that only surfaced later in life, some courts applied the common law discovery rule, recognized in other tort actions (see, *e.g.*, *Rozny v. Marnul*, 43 Ill. 2d 54 (1969); *Witherell v. Weimer*, 85 Ill. 2d 146 (1981); *Nolan v. Johns-Manville Asbestos*, 85 Ill. 2d 161 (1981); *Knox College v. Celotex Corp.*, 88 Ill. 2d 407 (1981)), to claims for personal injuries as a result of childhood sexual abuse. *D.P. v. M.J.O.*, 266 Ill. App. 3d 1029 (1994); *Franke v. Geyer*, 209 Ill. App. 3d 1009 (1991); *Phillips v. Johnson*, 231 Ill. App. 3d 890 (1992). This common law discovery rule provides that the limitations period commences when a person knows, or reasonably should know, of the injury and that it was wrongfully caused. *Knox College v. Celotex Corp.*, 88 Ill. 2d 407 (1981).

In 1990, Illinois enacted the childhood sexual abuse statute, section 13—202.2 of the Code (Ill. Rev. Stat. 1990 Supp., ch. 110, par. 13—202.2 (now 735 ILCS 5/13—202.2 (West 1992))), which codified the discovery rule in cases of childhood sexual abuse. This statutory section, which contains a two-year statute of limitations subject to the discovery rule, as well as a statute of repose, became effective on January 1, 1991, when Benton was 28 years of age. It was still in effect on November 6, 1992, when Benton turned 30 years of age. Section 13—202.2(b) provides:

> "An action for damages for personal injury based on childhood sexual abuse must be commenced within 2 years of the date the person abused discovers or through the use of reasonable diligence should discover that the act of childhood sexual abuse occurred and that the injury was caused by the childhood sexual abuse, but in no event may an action for personal injury based on childhood sexual abuse be commenced more than 12 years after the date on which the person abused attains the age of 18 years." 735 ILCS 5/13—202.2(b) (West 1992).

There is no question that the instant action was commenced more than 12 years after the date on which Benton attained the age of 18 years, that is, after Benton's thirtieth birthday. Thus, it was filed after the expiration of the statute of repose.[1]

The period of repose gives effect to a policy different from that advanced by a period of limitations; it is intended to terminate the possibility of liability after a defined period of time, regardless of a potential plaintiff's lack of knowledge of his cause of action. *Mega v. Holy Cross Hospital*, 111 Ill. 2d 416, 422 (1986). Thus, if a period of repose expires before a potential plaintiff discovers his cause of action, the possibility of liability is terminated regardless of the plaintiff's knowledge of his right to the cause of action. *Dewey v. Zack*, 272 Ill. App. 3d 742, 747 (1995). It would appear, then, that Benton's action is barred by the repose provision of the statute regardless of when Benton discovered, or through the use of reasonable diligence should have discovered, that he was abused and was injured thereby.

Benton argues, however, that the "reasonable period of time" exception to the statute of repose should apply to his cause of action and that he did file his complaint within a reasonable period of time after the enactment of the statute of repose. The reasonable-period-of-time exception to which Benton refers holds that an amendment shortening a statute of limitations will not be applied retroactively so as to terminate a cause of action unless the party has had a reasonable period of time after the amendment's effective date in which to file an action. *In re Marriage of Ingram*, 176 Ill. App. 3d 413, 419 (1988). The reasonable-period-of-time exception applies equally to a new statute of limitations as to an amendment shortening a prior statute. *Ingram*, 176 Ill. App. 3d at 419. The exception also applies as well to a statute of repose as to a statute of limitations. *People ex rel. Skinner v. Graham*, 170 Ill. App. 3d 417, 433 (1988).

The period of time that is scrutinized by the courts for its reasonableness is that time between the statute's effective date and the date on which the preexisting cause of action would be barred under the new statute as applied. *Graham*, 170 Ill. App. 3d at 432.

---

[1]Section 13—202.2(b) was amended effective January 1, 1994, to remove the repose provision. However, it is well established that subsequent legislation extending the statute of limitations cannot be applied retroactively to revive a time-barred cause of action. *Sepmeyer v. Holman*, 162 Ill. 2d 249, 254 (1994); *D.P. v. M.J.O.*, 266 Ill. App. 3d 1029, 1036 (1994). Because Benton's cause of action was time-barred as of November 6, 1992, when Benton turned 30 years of age, it could not be revived by the subsequent amendment of section 13—202.2(b) removing the repose provision.

The fundamental question is whether the plaintiff filed his cause of action within a reasonable time after the amendment. *Graham*, 170 Ill. App. 3d at 433. What constitutes a reasonable period of time in which to commence an action will depend on the facts of each case. *Sakellariadis v. Spanos*, 163 Ill. App. 3d 1084, 1089 (1987).

The purpose of this exception is to avoid unreasonable or unjust results. In instances where a statute of limitations that shortens the period in which to bring an action is enacted, justice requires that the owner of a cause of action that is barred by the current statute be afforded a reasonable time after its effective date in which to bring his action. *Champaign County Nursing Home v. Petry Roofing, Inc.*, 117 Ill. App. 3d 76, 80 (1983). In such a situation, the holder of a cause of action has little or no advance notice that the period of time for bringing his action is about to draw to a close. *Champaign County Nursing Home*, 117 Ill. App. 3d at 80. Justice requires that an amendment shortening the time for filing a suit should not be retroactively applied so as to terminate a cause of action that existed prior thereto unless the party whose claim would be barred is afforded a reasonable time after the amendment's effective date in which to file his action.

In the instant case, the statute of repose became effective on January 1, 1991. Benton did not turn age 30 until November 6, 1992, some 22 months after the statute of repose became effective. Thus, Benton had 22 months, or almost two years, between the effective date of the statute of repose and the time it applied to bar his claim in which to file suit. It has been held that if under the new statute a reasonable time remains, the new period can be applied, without more; if a reasonable time would not remain, then one will be allowed. *Mega v. Holy Cross Hospital*, 111 Ill. 2d 416, 420-21 (1986).

While generally the question of whether Benton filed his claim within a reasonable time after the enactment of the statute of repose might be a question of fact and might not be appropriate for summary judgment or pretrial dismissal, where it is apparent from the undisputed facts that only one conclusion can be drawn, the question becomes one for the court. See *Witherell v. Weimer*, 85 Ill. 2d 146, 156 (1981); *Skipper Marine Electronics, Inc. v. United Parcel Service, Inc.*, 210 Ill. App. 3d 231, 236 (1991); *Franke v. Geyer*, 209 Ill. App. 3d 1009, 1012 (1991). Such is the case here. Benton had 22 months between the effective date of the new statute of repose and his thirtieth birthday. He failed to file his complaint, however, until 19 months after his thirtieth birthday and 41 months after the effective date of the statute of repose. No reasonable mind could conclude that Benton filed his complaint within a reasonable period of time after the enactment of the new statute of repose.

■ This case is not like *Boggs v. Adams*, 45 F.3d 1056 (7th Cir. 1995), where a 44-year-old woman was allowed to file a complaint for childhood sexual abuse five months after the effective date of the new statute of repose. Although plaintiff had known of her cause of action for 19 months before the statute of repose became effective, she had spent portions of this period undergoing counseling that elicited additional memories of the abuse. Under these circumstances, the five-month delay after the statute of repose became effective was deemed to be a reasonable period of time.

Benton did not file his cause of action until 41 months after the statute of repose became effective. This exceeds any reasonable period of time required to avoid injustice and effectuate the purpose of the reasonable-period-of-time exception to the statute of repose. We find as a matter of law that Benton's cause of action for childhood sexual abuse was barred on Benton's thirtieth birthday by the statute of repose contained in section 13—202.2(b) of the Code. Accordingly, the trial court erred as a matter of law in denying defendants' motions to dismiss and for summary judgment on this ground.

Even if Benton's action was not barred by the repose provision of the child sexual abuse statute of limitations, it is barred by any applicable statute of limitations because Benton either knew, or reasonably should have known, of his injury and its wrongful cause more than two years before he filed suit. Both the statute of limitations applicable to claims for personal injuries (735 ILCS 5/13—202 (West 1992)), in conjunction with the common law discovery rule, and the childhood sexual abuse statute (735 ILCS 5/13—202.2(b) (West 1992)) provide that actions for damages must be brought within two years of the date the victim discovers, or through the use of reasonable diligence should discover, that the childhood sexual abuse occurred and that the injury was caused by the childhood sexual abuse.

Under the common law discovery rule, the statute of limitations begins to run when a party knows or reasonably should know that an injury has occurred and that it was wrongfully caused, and at that point the party is under an obligation to inquire further to determine whether an actionable wrong was committed. *Phillips v. Johnson*, 231 Ill. App. 3d 890, 892 (1992), quoting *Nolan v. Johns-Manville Asbestos*, 85 Ill. 2d 161, 171 (1981). The common law discovery rule holds that, at some point, the injured person becomes possessed of sufficient information concerning his injury and its cause to put a reasonable person on inquiry to determine whether actionable conduct is involved. At that point, the running of the limitations period commences. *Phillips*, 231 Ill. App. 3d at 892, quoting *Knox College v. Celotex Corp.*, 88 Ill. 2d 407, 416 (1981). The accrual of the

cause of action does not await the awareness by the plaintiff that he actually has a cause of action; the statute of limitations begins to run when a reasonable person possesses sufficient information to be put on inquiry to determine whether a cause of action exists. *Knox College*, 88 Ill. 2d at 415-16. The childhood sexual abuse statute merely codifies this common law discovery rule. *D.P. v. M.J.O.*, 266 Ill. App. 3d 1029, 1032 (1994).

Normally, the question of when a party knew or should have known both of an injury and its probable wrongful cause is one of fact, unless the facts are undisputed and only one conclusion may be drawn from them. *Nolan v. Johns-Manville Asbestos*, 85 Ill. 2d 161, 171 (1981). Thus, the court may make such a determination upon a motion to dismiss or a motion for summary judgment so long as such conclusion is the only one to be drawn from plaintiff's pleadings. *Franke v. Geyer*, 209 Ill. App. 3d 1009, 1012 (1991). Strict scrutiny is applied to determine whether the state of the victim's awareness was such that could reasonably have put him on notice of the nexus between the abuse and the injuries. *D.P. v. M.J.O.*, 266 Ill. App. 3d 1029, 1034-35 (1994).

In the instant case, Benton testified that his memories of the abuse he suffered were not repressed and that he at all times had knowledge that the childhood sexual abuse had occurred. He further testified that he knew at least by age 21 that adults were not supposed to have sex with children and knew at least by 1990 that sex between adults and children was illegal. Finally, Benton knew from the time he was 14 years of age that he had emotional and psychological problems, including suicidal thoughts. Despite this knowledge, Benton did not seek psychological counseling until 1994 and did not file his action until 1994.

We find as a matter of law that the only reasonable conclusion from this evidence is that Benton was possessed of sufficient information to place him on inquiry as to whether he had a cause of action against defendants more than two years before he actually filed suit. Accordingly, the trial court erred as a matter of law in failing to grant defendants' motions to dismiss and for summary judgment.

For the foregoing reasons, we reverse the order of the circuit court of St. Clair County denying defendant Vonnahmen's motion to dismiss and supplemental motion to dismiss and defendant Diocese's motion for summary judgment. Benton's claims against the defendants are extinguished by the applicable statute of repose (735 ILCS 5/13—202.2(b) (West 1992)), and they are barred by the applicable statutes of limitations (735 ILCS 5/13—202, 13—202.2(b) (West 1992)).

In light of this disposition, we find it unnecessary to address an

additional issue raised by the defendant Diocese: whether the trial court erred in denying its motion for summary judgment on the count of Benton's complaint based on *respondeat superior* because the Diocese cannot be held vicariously liable for the alleged acts of sexual misconduct by Vonnahmen.

For the foregoing reasons, the order of the circuit court of St. Clair County is reversed, Benton's complaint against defendant Vonnahmen is dismissed with prejudice, and judgment is hereby entered in favor of defendants and against Benton on all counts of Benton's complaint.

Reversed; judgment entered.

KUEHN, P.J., and HOPKINS, J., concur.