GEORGE S. BECHARAS, JR., Plaintiff-Appellant, v. THOMAS N. CUMMINGS, Defendant-Appellee.

First District (6th Division)    No. 1—96—3353

Opinion filed October 17, 1997.

Young, Hauslinger, Rosen & Dolgin, Ltd., of Chicago (Norman T. Finkel and William R. Klein, of counsel), for appellant.

Cary N. Goldberg, of Chicago, for appellee.

JUSTICE ZWICK delivered the opinion of the court:

Plaintiff brought this action which sought to enforce the terms of a written promissory note executed by defendant in 1985. Upon motion of defendant, the trial court entered summary judgment in favor of defendant, finding that the statute of limitations set forth in section 3—118 of the Uniform Commercial Code (810 ILCS 5/3—118(a) (West 1994)) applied retroactively to bar plaintiff's claim. Plaintiff has appealed this ruling.

Plaintiff alleged that prior to April 15, 1985, he loaned to defendant sums of money on various occasions totaling more than $20,000. On the above date, defendant executed a promissory note in favor of plaintiff in the amount of $20,000, with interest at the rate of 10%, compounded monthly. The promissory note provided, in relevant part, as follows:

> "One year after date, for value received, the undersigned promises to pay to the order of George S. Becharas, Jr. Twenty Thousand and no/100 Dollars at 555 West Cornelia, Chicago, Illinois 60657; with interest at Ten (10%) percent per annum *** compounded monthly after the date of this note until paid."

The promissory note also contained a confession of judgment clause and a provision for reasonable costs of collection, including reasonable attorney's fees.

On April 12, 1995, plaintiff filed his initial complaint against defendant, seeking recovery under the note. On April 25, 1995, plaintiff obtained a judgment by confession, and on July 28, 1995, defendant filed a motion to open the judgment by confession. Defendant also filed a verified answer, denying that he had executed the promissory note or that he owed plaintiff any money. On August 21, 1995, plaintiff filed an affidavit in response, stating, *inter alia*, that the money had been loaned to defendant to cover business expenses and that plaintiff had demanded payment on the note in August 1989, but defendant had refused to satisfy the debt.

The trial court subsequently entered an order opening the judgment by confession, and plaintiff thereafter filed a first amended complaint. Defendant filed a verified answer and counterclaim, denying that he had executed the note.

On February 16, 1996, defendant filed a motion for summary judgment, asserting that plaintiff's claim was barred by the applicable statute of limitations. Defendant also filed an amended verified answer and affirmative defense which raised the statute of limitations. Plaintiff thereafter denied the allegations contained in defendant's affirmative defense and opposed the motion for summary judgment. The trial court granted defendant's motion for summary

judgment on August 23, 1996, finding that section 3—118(a) of the Uniform Commercial Code, effective January 1, 1992, applied retroactively to bar plaintiff's claim and that plaintiff had not filed his action within a reasonable time of the enactment of that statute. Defendant withdrew his counterclaim, and plaintiff appealed the entry of summary judgment in favor of defendant.

On appeal, plaintiff contends that the trial court erred in finding that his cause of action was barred. In support of this contention, plaintiff argues that the statute of limitations for his claim is defined in section 13—206 of the Illinois Code of Civil Procedure, which provides, in pertinent part, that actions on promissory notes shall be commenced within 10 years after the cause of action has accrued. See 735 ILCS 5/13—206 (West 1994). Plaintiff asserts that because this statute of limitations was in effect when the note was executed and when it came due, he had 10 years to file suit on the note. Plaintiff reasons that because his claim would not have been barred under this statute until April 15, 1996, his complaint filed on April 12, 1995, was timely.

However, the trial court determined that the six-year statute of limitations set forth in section 3—118(a) of the Uniform Commercial Code governed plaintiff's claim.

Section 3—118(a), which became effective January 1, 1992, states as follows:

"Statute of limitations.

(a) Except as provided in subsection (e), an action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within 6 years after the due date or dates stated in the note or, if a due date is accelerated, within 6 years after the accelerated due date." 810 ILCS 5/3—118(a) (West 1994).

Plaintiff asserts that the trial court erred in finding that this provision applied retroactively to bar his claim. We disagree.

■ Whether an amendment to a statute may be deemed to be retroactive depends generally upon whether it relates to substantive rights or whether it affects merely the remedy or a matter of procedure. *Dworak v. Tempel*, 17 Ill. 2d 181, 187, 161 N.E.2d 258 (1959), citing *Orlicki v. McCarthy*, 4 Ill. 2d 342, 122 N.E.2d 513 (1954). As a general rule, amendments relating to substantive rights must be applied prospectively (*Dworak*, 17 Ill. 2d at 187); however, amendments relating to the remedy or a matter of procedure are generally applied retroactively (*Orlicki*, 4 Ill. 2d at 347-48). When a change in law affects only the remedy or the law of procedure, a right of action will be enforced under the new procedure without regard to whether it accrued before or after the change in the law, and without regard to

whether or not suit had been instituted. *In re Pronger*, 118 Ill. 2d 512, 522, 517 N.E.2d 1076 (1987), citing *Ogdon v. Gianakos*, 415 Ill. 591, 597, 114 N.E.2d 686 (1953).

●2 It is established that statutes of limitation have historically been classified as procedural in character and are to be applied retroactively. *Orlicki*, 4 Ill. 2d at 352-53. However, shortened statutes of limitations will not be applied retroactively to instantaneously bar an existing right of action. *Moore v. Jackson Park Hospital*, 95 Ill. 2d 223, 230, 447 N.E.2d 408 (1983). To avoid this unjust result, courts have recognized an exception that allows a plaintiff a reasonable period of time to bring his action where a statutory enactment has shortened a limitations period, or established one where one did not previously exist, and where the plaintiff's cause of action arose before the effective date of the statute. *Mega v. Holy Cross Hospital*, 111 Ill. 2d 416, 420, 490 N.E.2d 665 (1986), citing *Hupp v. Gray*, 73 Ill. 2d 78, 83, 382 N.E.2d 1211 (1978), and *Meegan v. Village of Tinley Park*, 52 Ill. 2d 354, 359, 288 N.E.2d 423 (1972). The reasonable-period-of-time exception applies equally to a new statute of limitations as to an amendment shortening a prior statute. See *Benton v. Vonnahmen*, 288 Ill. App. 3d 199, 203, 679 N.E.2d 1270 (1997); *In re Marriage of Ingram*, 176 Ill. App. 3d 413, 419, 531 N.E.2d 97 (1988).

The critical period of time in such analysis is that time between the effective date of the statute and the date on which the preexisting cause of action would be barred under the new statute. *Benton*, 288 Ill. App. 3d at 203; *People ex rel. Skinner v. Graham*, 170 Ill. App. 3d 417, 432, 524 N.E.2d 642 (1988). The fundamental question is whether the plaintiff filed his cause of action within a reasonable time after the amendment. *Benton*, 288 Ill. App. 3d at 204; *Graham*, 170 Ill. App. 3d at 433. What constitutes a reasonable period of time in which to commence an action will depend on the facts of each case. *Benton*, 288 Ill. App. 3d at 204; *Sakellariadis v. Spanos*, 163 Ill. App. 3d 1084, 1089, 517 N.E.2d 324 (1987).

■ In the case at bar, section 3—118(a) became effective on January 1, 1992. Plaintiff's cause of action was barred under that section as of April 15, 1992, $3^{1}/_{2}$ months after the statute became effective. It has been held that if a reasonable time remains under the new statute, the new period can be applied, without more; if a reasonable time would not remain, then one would be allowed. *Mega*, 111 Ill. 2d at 420-21; *Benton*, 288 Ill. App. 3d at 204.

Although the question of whether a plaintiff has filed his claim within a reasonable time after the enactment of the statute might generally be considered a question of fact and not appropriate for summary judgment, where it is apparent from the undisputed facts

that only one conclusion can be drawn, the question becomes one for the court. *Benton*, 288 Ill. App. 3d at 204. Such is the case here, and the trial court specifically found that plaintiff failed to bring his action within a reasonable time. More than 39 months elapsed between the effective date of section 3—118(a) and the filing of plaintiff's complaint. We agree with the trial court that no reasonable mind could conclude that plaintiff filed his complaint within a reasonable period of time after the enactment of the new statute of limitations.

Because 39 months exceed any reasonable period of time required to avoid injustice and to effectuate the purpose of the reasonable-period-of-time exception, we hold as a matter of law that plaintiff's cause of action was barred by application of the six-year statute of limitations contained in section 3—118(a) of the Uniform Commercial Code. Accordingly, we affirm the entry of summary judgment in favor of defendant.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

THEIS and QUINN, JJ., concur.