NOTICE

Decision filed 08/17/06. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-04-0458

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | |
|---|---|
| VIRGINIA GALLOWAY, | ) Appeal from the |
| | ) Circuit Court of |
| Plaintiff-Appellant, | ) Madison County. |
| | ) |
| v. | ) No. 04-L-85 |
| | ) |
| DIOCESE OF SPRINGFIELD IN ILLINOIS, | ) |
| DIOCESE OF BELLEVILLE, HERMAN | ) |
| NIEBRUGGE, and THEODORE BAUMANN, | ) Honorable |
| | ) Phillip J. Kardis, |
| Defendants-Appellees. | ) Judge, presiding. |

PRESIDING JUSTICE SPOMER delivered the opinion of the court:

In January 2004, the plaintiff, Virginia Galloway, filed a complaint against the defendants, Diocese of Springfield in Illinois (Springfield Diocese), Diocese of Belleville (Belleville Diocese), and two priests, Herman Niebrugge and Theodore Baumann. The complaint alleged that a third priest, Richard Niebrugge, had sexually abused her from the time she was 10 years old in 1967 until his death in 1983. The complaint further alleged that the priests named as defendants became aware of the abuse while the plaintiff was a minor and that they aided and abetted him in the abuse by failing to report it and helping him to cover it up. The plaintiff appeals the order of the circuit court of Madison County which dismissed her complaint on the basis that it was barred by the statute of repose governing personal injury cases based on child sexual abuse. The statute was in effect from January 1, 1991, until it was repealed effective January 1, 1994.

The plaintiff raises the following issues on appeal: (1) whether the circuit court erred in finding that the statute in effect after 1994, which repealed the statute of repose, should not be applied retroactively, (2) whether the circuit court erred in finding that the Belleville Diocese and the

1

priests in its employ did not owe the plaintiff a fiduciary duty, and (3) whether the circuit court erred in finding that the plaintiff failed to state a claim for civil conspiracy. For the reasons set forth below, we affirm the order of the circuit court on the basis of the statute of repose in effect from January 1, 1991, until January 1, 1994. Because the statute of repose bars the plaintiff's claim for personal injury based on childhood sexual abuse, we need not reach the remaining issues raised by the plaintiff.

Prior to 1991, lawsuits seeking damages for childhood sexual abuse were subject to the same statute of limitations applicable to personal injury actions. *Benton v. Vonnahmen*, 288 Ill. App. 3d 199, 201-02 (1997) (citing Ill. Rev. Stat. 1989, ch. 110, par. 13-202 (now 735 ILCS 5/13-202 (West 2004)); Ill. Rev. Stat. 1989, ch. 110, par. 13-211 (now see 735 ILCS 5/13-211 (West 2004))). In September 1990, the Illinois legislature amended the Limitations Act to provide a statute of limitations specific to claims of childhood sexual abuse. Pub. Act 86-1346, eff. January 1, 1991 (adding Ill. Rev. Stat., 1990 Supp., ch. 110, par. 13-202.2). The 1990 amendment, which became effective on January 1, 1991, included a statute of repose providing, "[I]n no event may an action for personal injury based on childhood sexual abuse be commenced more than 12 years after the date on which the person abused attains the age of 18 years." Ill. Rev. Stat., 1990 Supp., ch. 110, par. 13-202.2(b) (now see 735 ILCS 5/13-202.2 (West 2004)). In effect, then, the statute of repose barred claims for childhood sexual abuse by anyone 30 years or older. *M.E.H. v. L.H.*, 177 Ill. 2d 207, 214 (1997).

In 1993, the legislature again amended the relevant provision of the Limitations Act. The amendment eliminated the statute of repose. Pub. Act 88-127, §5, eff. January 1, 1994. Subsection (e) of the then-new statute addressed the applicability of the amendment, providing, in relevant part, "The changes made by this amendatory Act of 1993 shall apply only to actions commenced on or after the effective date of this amendatory Act of 1993." 735 ILCS 5/13-202.2(e) (West Supp. 1993). The plaintiff relies on this language to argue that the amendment should apply retroactively.

2

However, the Illinois Supreme Court has rejected this argument and unequivocally ruled, in relation to the very statute of repose at issue, that the right to invoke the statute of repose as a defense to a cause of action cannot be taken away without offending the due process clause of the Illinois Constitution. *M.E.H.*, 177 Ill. 2d at 214-15; Ill. Const. 1970, art. I, §12.

The plaintiff turned 18 on September 25, 1975, and turned 30 on September 25, 1987. Thus, her claim was barred by the statute of repose when it went into effect on January 1, 1991. Accordingly, the statute of repose extinguished the plaintiff's cause of action, and the defendants have a vested right under the due process clause of the Illinois Constitution to invoke the statutory repose period, even after the repose period was abolished by the legislature. See *M.E.H.*, 177 Ill. 2d at 218 ("[A] defense based on the expiration of a limitations period is a vested right protected by the constitution and beyond legislative interference").

The plaintiff argues that because the Illinois Supreme Court has rejected the "vested rights" approach to retroactivity and has adopted the legislative intent analysis announced by the United States Supreme Court in *Landgraf v. USI Film Products*, 511 U.S. 244, 128 L. Ed. 2d 229, 114 S. Ct. 1483 (1994), it has effectively overruled its decision in *M.E.H.* See *Commonwealth Edison Co. v. Will County Collector*, 196 Ill. 2d 27 (2001). We find this argument unpersuasive. In *Commonwealth Edison Co.*, a taxpayer filed a complaint against a county collector to challenge the county's failure to apply a rate cap to property taxes to fund workers' compensation and liability insurance. *Commonwealth Edison Co.*, 196 Ill. 2d at 31. At issue in the case was whether certain tax rate amendments should be applied retroactively to the tax levies, which had been adopted six weeks before the amendments became effective. *Commonwealth Edison Co.*, 196 Ill. 2d at 33.

In ruling on the retroactivity of the tax rate amendments, the Illinois Supreme Court adopted the approach to retroactivity described by the United States Supreme Court in *Landgraf*. *Commonwealth Edison Co.*, 196 Ill. 2d at 39. Under the *Landgraf* test, if the legislature clearly indicated what the temporal reach of an amended statute should be, then, *absent a constitutional*

3

*prohibition*, that expression of legislative intent must be given effect. *Commonwealth Edison Co.*, 196 Ill. 2d at 38 (citing *Landgraf*, 511 U.S. at 280, 128 L. Ed. 2d at 261-62, 114 S. Ct. at 1505). *Commonwealth Edison Co.* makes clear that previous decisions that define rights that are "vested" and thus protected from the impact of statutory change by the due process clause of the Illinois Constitution remain relevant to the extent that they address the issue of constitutionality. *Commonwealth Edison Co.*, 196 Ill. 2d at 47. Hence, although *Commonwealth Edison Co.* switches the focus of the first step of the retroactivity analysis from "vested rights" to legislative intent, it did not overrule the ruling in *M.E.H.* that taking away the right to invoke the statute of repose as a defense to a cause of action is constitutionally prohibited. In fact, *Commonwealth Edison Co.* recognizes that had it dealt with the application of an amendment which would have resurrected a claim that had previously been barred, the result would have been different. *Commonwealth Edison Co.*, 196 Ill. 2d at 48-49.

*M.E.H.* is still good law, and we are compelled to abide by it. Accordingly, the repeal of the 12-year repose period governing claims of childhood sexual abuse cannot, consistent with due process, operate to revive the plaintiff's claim. See *M.E.H.*, 177 Ill. 2d at 215. Because the plaintiff's claim was time-barred when the 12-year repose period took effect, it remains time-barred even after the repose period was abolished by the legislature. See *M.E.H.*, 177 Ill. 2d at 215 ("If the claims were time-barred under the old law, they remained time-barred even after the repose period was abolished by the legislature").

For the foregoing reasons, the order of the circuit court granting the defendants' motion to dismiss is affirmed.[1]

---

[1]Our colleagues in the First District have recently affirmed an order dismissing a cause of action on the same grounds. *Kuch v. Catholic Bishop of Chicago*, No. 1-05-1175 (May 30, 2006).

4

Affirmed.


DONOVAN, J., concurs.


JUSTICE CHAPMAN, dissenting:

Both this court and the Illinois Supreme Court have previously held that the 1993 amendment, which removed the statute of repose, did not apply retroactively. *M.E.H. v. L.H.*, 177 Ill. 2d 207, 214-15, 685 N.E.2d 335, 339 (1997); *Benton v. Vonnahmen*, 288 Ill. App. 3d 199, 203 n.1, 679 N.E.2d 1270, 1273 n.1 (1997). I believe, however, that a subsequent change in the law governing the retroactive application of statutory amendments now leads to a different result.

In *Commonwealth Edison Co. v. Will County Collector*, 196 Ill. 2d 27, 794 N.E.2d 694 (2001), the supreme court addressed a discrepancy that had developed in the way Illinois courts handled the retroactive application of statutes. The court pointed out that, prior to its decision, Illinois courts had followed two distinct approaches to deciding the question. Under the "vested interest" approach, courts applied the law in effect at the time of the appeal unless doing so would interfere with a vested interest. Vested interests are those interests protected from interference by the due process clause of the Illinois Constitution (Ill. Const. 1970, art. I, §2). *Commonwealth Edison Co.*, 196 Ill. 2d at 34, 749 N.E.2d at 969 (citing *First of America Trust Co. v. Armstead*, 171 Ill. 2d 282, 289, 664 N.E.2d 36, 39 (1996)). In following this approach, courts did not consider whether the legislature intended the statutory change to apply retroactively. *Commonwealth Edison Co.*, 196 Ill. 2d at 34, 749 N.E.2d at 969 (citing *Armstead*, 171 Ill. 2d at 289, 664 N.E.2d at 39). Under the "legislative intent" approach, by contrast, courts presumed that statutory changes are not meant to apply retroactively unless the legislature clearly indicated an intent that the amendments be so applied. *Commonwealth Edison Co.*, 196 Ill. 2d at 34, 749 N.E.2d at 969 (relying on *Armstead*, 171 Ill. 2d at 288, 664 N.E.2d at 39).

In order to resolve the conflict between these conflicting lines of cases, the *Commonwealth Edison Co.* court formally adopted the *Landgraf* test. *Commonwealth Edison Co.*, 196 Ill. 2d at 39, 749 N.E.2d at 972; *Landgraf v. USI Film Products*, 511 U.S. 244, 128 L. Ed. 2d 229, 114 S. Ct. 1483 (1994). Under this test, the first inquiry is whether the legislature has indicated its intent with respect to the retroactive application of a statutory amendment. If the legislature has clearly indicated that it intends an amendment to apply retroactively, we must give effect to that intent absent a constitutional prohibition. *Commonwealth Edison Co.*, 196 Ill. 2d at 38, 749 N.E.2d at 971 (citing *Landgraf*, 511 U.S. at 280, 128 L. Ed. 2d at 261-62, 114 S. Ct. at 1505). In determining the intent of the legislature, we should look first to the statutory language, which should be given its plain and ordinary meaning. If the language of the statute is clear and unambiguous, there is no need to resort to other tools of statutory interpretation. *Paris v. Feder*, 179 Ill. 2d 173, 177, 688 N.E.2d 137, 139 (1997).

It is only when the legislature has *not* indicated its intent that we must resort to the second step of the *Landgraf* test and ask whether the retroactive application of the amendment would interfere with a vested right already possessed by a party, increase a party's liability for past conduct, or impose new duties with respect to previously completed transactions. *Commonwealth Edison Co.*, 196 Ill. 2d at 38, 749 N.E.2d at 971 (citing *Landgraf*, 511 U.S. at 280, 128 L. Ed. 2d at 261-62, 114 S. Ct. at 1505). The second step of this inquiry is essentially the same as the vested rights approach to retroactivity. The retroactivity cases that predate the supreme court's decision in *Commonwealth Edison Co.* are thus still relevant. However, the vested rights inquiry is now a default rule that need only be considered in the absence of express legislative intent regarding retroactivity. *Commonwealth Edison Co.*, 196 Ill. 2d at 38, 749 N.E.2d at 971 (relying on *Landgraf*, 511 U.S. at 273, 128 L. Ed. 2d at 257, 114 S. Ct. at 1501).

Finally, the pre-*Commonwealth Edison Co.* vested-rights-approach cases are also still relevant to the consideration of whether the retroactive application of a statute implicates due

6

process concerns. The vested rights cases define the *types* of interests that merit constitutional protection. See *Commonwealth Edison Co.*, 196 Ill. 2d at 47, 749 N.E.2d at 976. Under *Commonwealth Edison Co.* and *Landgraf*, finding that a statutory change implicates due process concerns does not end the inquiry. Rather, we must determine whether the retroactive application of a statutory change *unreasonably* infringes on the rights implicated. This determination requires us to consider the fairness or unfairness of applying the new rule retroactively and to balance the reasons for and against a retroactive application. *Commonwealth Edison Co.*, 196 Ill. 2d at 47, 749 N.E.2d at 976 (relying on *Moore v. Jackson Park Hospital*, 95 Ill. 2d 223, 242, 447 N.E.2d 408, 416 (1983) (Ryan, C.J., specially concurring, joined by Underwood and Moran, JJ.)).

The balancing required by *Landgraf* and *Commonwealth Edison Co.* marks a significant shift from the approach to due process concerns under the vested rights analysis. Those courts "largely ignored" legislative intent in concluding that statutory amendments could not be applied retroactively. *Commonwealth Edison Co.*, 196 Ill. 2d at 34, 749 N.E.2d at 969 (quoting *Armstead*, 171 Ill. 2d at 289, 664 N.E.2d at 39). Those courts found that retroactive application would run afoul of due process because defendants have a vested right in the affirmative defense afforded them by statutes of limitations or repose, but they did not perform the careful balancing mandated under *Landgraf* and *Commonwealth Edison Co.* in arriving at this result. See, *e.g.*, *Henrich v. Libertyville High School*, 186 Ill. 2d 381, 404-05, 712 N.E.2d 298, 310 (1998); *M.E.H.*, 177 Ill. 2d at 214-15, 685 N.E.2d at 339; *D.P. v. M.J.O.*, 266 Ill. App. 3d 1029, 1036, 640 N.E.2d 1323, 1328 (1994). The supreme court expressly rejected this approach in *Commonwealth Edison Co.*. *Commonwealth Edison Co.*, 196 Ill. 2d at 47, 749 N.E.2d at 976 (explaining, "In assessing whether the application of a new statutory amendment to an existing controversy violates due process, the question is not simply whether the ' "rights" allegedly impaired are [labeled] "vested" or "non-vested" ' " (quoting *In re Marriage of Semmler*, 107 Ill. 2d 130, 137, 481 N.E.2d 716, 720 (1985))). In shifting from this approach to the legislative intent approach, the *Commonwealth Edison Co.* court noted that courts

7

have become more deferential to legislative determinations that the benefits of the retroactive application of a statute outweigh these concerns. *Commonwealth Edison Co.*, 196 Ill. 2d at 37-38, 749 N.E.2d at 971 (relying on *Landgraf*, 511 U.S. at 272-73, 128 L. Ed. 2d at 256-57, 114 S. Ct. at 1500-01). In light of this significant shift, I believe that a reconsideration of the retroactivity of the 1993 amendments under the principles announced in *Commonwealth Edison Co.* is warranted.

I first would consider whether the legislature intended the 1993 amendment to apply retroactively. The statute states, "The changes made by this amendatory Act of 1993 shall apply only to actions commenced on or after the effective date of this amendatory Act of 1993." 735 ILCS 5/13-202.2(e) (West 2002). The instant case was filed 10 years after the 1993 amendments went into effect. Thus, when the statutory language is given its plain and ordinary meaning, the amendment applies absent a constitutional prohibition.

I would next consider whether the retroactive application of the amendment would violate due process. As previously discussed, *Commonwealth Edison Co.* teaches that we must balance the reasons for and against a retroactive application and consider whether it is fair to apply the change retroactively. In assessing the fairness of a retroactive application, relevant considerations include (1) the legislature's motive in enacting the statutory change, (2) the period of retroactivity, and (3) whether the parties detrimentally relied on the prior version of the law. *Commonwealth Edison Co.*, 196 Ill. 2d at 44-45, 749 N.E.2d at 975.

Applying these considerations to the instant case, we note that here the legislature deleted the statute of repose after it had been in effect for only three years. All three amendments to the statute evince an increasing legislative recognition that often the victims of childhood sexual abuse develop coping mechanisms that hinder the realization that their psychological injuries might be resultant of abuse that occurred decades earlier. Our courts acknowledge that childhood sexual abuse victims often suffer from repressed memory. See *Hobert v. Covenant Children's Home*, 309 Ill. App. 3d 640, 642, 723 N.E.2d 384, 386 (2000). Here, the plaintiff alleges that a multiple personality disorder

8

hindered her discovery. Amendments to the statute that make it easier to file a claim even many years after the alleged abuse occurs reflect the legislative intent to make the procedural limits on claims of this sort better suit the nature of the claim. That desire to fix the problems inherent in a previous version of a statute weighs in favor of retroactive application. See *Commonwealth Edison Co.*, 196 Ill. 2d at 44, 749 N.E.2d at 975 (approving a legislative motive to correct previously existing law). On the other hand, the period of retroactivity is quite long. The plaintiff's claim became time-barred by the earlier statute 13 years before she filed the instant action. This long period of retroactivity tends to weigh against a retroactive application. See *Commonwealth Edison Co.*, 196 Ill. 2d at 44-45, 749 N.E.2d at 975.

Most significantly, I find that the defendants cannot claim to have detrimentally relied on the statute of repose. The events at issue occurred decades before the statute of repose was enacted. The defendants argue that they will be prejudiced by having to defend a lawsuit involving the actions of an alleged abuser who has been deceased for more than 20 years. While this is undeniably true, it would be equally true if the plaintiff were born in 1964, in which case she would have turned 30 after the statute of repose was deleted and her claim never would have been barred. In other words, the difficulties inherent in defending an action such as the plaintiff's do not stem from a retroactive application of the statute itself. The difficulties flow, rather, from the legislature's judgment that placing this burden on defendants is an acceptable price to pay for tailoring procedural limitations to provide victims of childhood sexual abuse a reasonable opportunity to seek redress for the horrific harm that they have endured.

It is also worth noting that our courts have found that the 1990 legislation that added the statute of repose applied retroactively. *M.E.H.*, 177 Ill. 2d at 216-17, 685 N.E.2d at 340; *Phillips v. Johnson*, 231 Ill. App. 3d 890, 894-95, 599 N.E.2d 4, 7-8 (1992). The retroactive application of the statute of repose interferes with the plaintiff's interest in pursuing a cause of action against the defendants, just as a retroactive application of the legislation removing the statute of repose

9

interferes with the defendants' interest in an absolute defense. It does not seem logical to apply different standards to retroactivity in the case of each of these related statutory changes. On the whole, I find that the retroactive application of the 1993 amendments does not violate due process. For the foregoing reasons, I respectfully dissent.

NO. 5-04-0458

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | |
|---|---|
| VIRGINIA GALLOWAY, | ) Appeal from the |
| | ) Circuit Court of |
| Plaintiff-Appellant, | ) Madison County. |
| | ) |
| v. | ) No. 04-L-85 |
| | ) |
| DIOCESE OF SPRINGFIELD IN ILLINOIS, | ) |
| DIOCESE OF BELLEVILLE, HERMAN | ) |
| NIEBRUGGE, and THEODORE BAUMANN, | ) Honorable |
| | ) Phillip J. Kardis, |
| Defendants-Appellees. | ) Judge, presiding. |

**Opinion Filed**: August 17, 2006

**Justices**: Honorable Stephen M. Spomer, P.J.

Honorable James K. Donovan, J., concurs

Honorable Melissa A. Chapman, J., dissents

**Attorneys for Appellant**
Rex Carr, Troy E. Walton, The Rex Carr Law Firm, LLC, 412 Missouri Avenue, East St. Louis, IL 62201; Robert L. Douglas, 103 Old Indian Boundary Road, P.O. Drawer 8600, Robinson, IL 62454

**Attorneys for Appellees**
Kevin T. Martin, Louis J. Phillips, Swanson, Martin & Bell, LLP, One IBM Plaza, Suite 3300, 330 N. Wabash, Chicago, IL 60611 (attorneys for Diocese of Springfield in Illinois)

David Wells, Catherine A. Schroeder, Thompson & Coburn, One U.S. Bank Plaza, St. Louis, MO 63101
(attorneys for Diocese of Belleville)

Theodore J. MacDonald, Bharat Varadachari, Burroughs, Hepler, Broom, MacDonald, Hebrank & True, LLP, 1010 Market Street, Suite 500, St. Louis, MO 63101 (attorneys for Theodore Baumann)