(No. 81943.—

M.E.H. *et al.*, Appellants, v. L.H. *et al.*, Appellees.

*Opinion filed September 11, 1997.*

NICKELS, J., took no part.
HEIPLE, J., specially concurring.

Scott R. Erwin and Colleen E. Cebula, of De Kalb, for appellants.

James R. Buck, of Klein, Stoddard & Buck, of Sycamore, for appellees.

Joseph G. Klest, of Bloomingdale, for *amicus curiae* Illinois Trial Lawyers Association.

Thomas A. Pavlinic, of Annapolis, Maryland, for *amicus curiae* False Memory Syndrome Foundation.

Cynthia Grant Bowman, of Chicago, and Lyn M. Schollett, of Springfield (Alan W. Scheflin, of Santa Clara, California, of counsel), for *amicus curiae* Illinois Coalition Against Sexual Assault.

JUSTICE HARRISON delivered the opinion of the court:

The issue in this case is whether a tort action for child sexual abuse is barred by a statute of repose that was not in effect when the abuse occurred and was repealed before the action was filed. The circuit court of Ogle County determined that the statute of repose did bar the plaintiffs' action and granted the defendants'

motion to dismiss under section 2—619(a)(5) of the Code of Civil Procedure (735 ILCS 5/2—619(a)(5) (West 1994)). The appellate court affirmed. 283 Ill. App. 3d 241. We allowed the plaintiffs' petition for leave to appeal (155 Ill. 2d R. 315) and now affirm.

The basic facts are these. On October 14, 1994, plaintiffs, M.E.H. and D.M.H., filed a tort action against their parents, L.H. (their father) and G.H. (their mother), to recover damages for injuries they allegedly sustained when they were children. According to the complaint, plaintiffs sought recovery from L.H. on the grounds that he had subjected both of the women to forced sexual relations beginning when each was four and continuing through high school. Plaintiffs sought recovery from G.H. on the grounds that she had failed to protect them from L.H.'s abuse.

By the time they filed their complaint, both plaintiffs were well beyond their high school years. M.E.H. was 44 years old and D.M.H. was 45. To explain why they had waited so long to sue, plaintiffs alleged that the trauma they experienced caused them to repress their memories of the abuse, prevented them from understanding the impact of the assaults, and impaired them to such a degree that they were incapable of comprehending or asserting their rights more promptly. According to the complaint, plaintiffs were able to recall the abuse only after receiving psychological therapy, and they acted with due diligence by filing suit within two years of discovering the abuse and the injuries it caused.

At the time plaintiffs filed their complaint, section 13—202.2(b) of the Code of Civil Procedure (735 ILCS 5/13—202.2(b) (West 1994)) provided that actions

> "for personal injury based on childhood sexual abuse must be commenced within 2 years of the date the person abused discovers or through the use of reasonable diligence should discover that the act of childhood sexual abuse occurred and that the injury was caused by the childhood sexual abuse."

Defendants moved to dismiss plaintiffs' complaint pursuant to section 2—619(a)(5) of the Code of Civil Procedure (735 ILCS 5/2—619(a)(5) (West 1994)) on the grounds that plaintiffs' claims against L.H. were time-barred under this statute because plaintiffs had actually discovered the abuse more than two years before filing suit. In support of this contention, defendants submitted affidavits from various witnesses, including family members, who stated that plaintiffs had spoken of their abuse during events in July and August of 1992. Defendants also proffered an affidavit of their own which stated that D.M.H. had confronted them with the accusations of childhood sexual abuse in a letter they received more than two years before suit was filed.

In response to defendants' motion, plaintiffs disputed defendants' factual claims. In addition, they contended that their action was timely by virtue of section 13—202.2(c) of the Code of Civil Procedure (735 ILCS 5/13—202.2(c) (West 1994)), which provides:

> "If the injury is caused by 2 or more acts of childhood sexual abuse that are part of a continuing series of acts of childhood sexual abuse by the same abuser, then the discovery period under subsection (b) shall be computed from the date the person abused discovers or through the use of reasonable diligence should discover (i) that the last act of childhood sexual abuse in the continuing series occurred and (ii) that the injury was caused by any act of childhood sexual abuse in the continuing series."

Plaintiffs argued that their action was timely under this provision because they were subjected to multiple acts of childhood sexual abuse over many years that were part of a continuing series of acts of childhood sexual abuse by the same abuser, their injuries were caused by acts of childhood sexual abuse that were part of this continuing series, and at the time they filed suit they were still in the process of discovering, with the aid of therapy, new incidents of abuse that had taken place.

Following a hearing, the circuit court rejected plaintiffs' position and granted defendants' motion to dismiss. The court held that because plaintiffs did not allege that G.H., their mother, had actually committed any of the acts of childhood sexual abuse, plaintiffs' claims against her were governed by the general personal injury limitations period set forth in section 13—202 of the Code of Civil Procedure (735 ILCS 5/13—202 (West 1994)) rather than by the specific childhood sexual abuse limitations period contained in section 13—202.2. Applying the general personal injury limitations period, the court concluded that plaintiffs' claims against their mother were untimely.

With respect to plaintiffs' claims against L.H., the circuit court noted that the prior version of section 13—202.2 of the Code of Civil Procedure (735 ILCS 5/13—202.2 (West 1992)) governing personal injury actions based on childhood sexual abuse contained a 12-year period of repose. Under that version of the law, litigants were precluded from commencing an action for personal injuries based on childhood sexual abuse more than 12 years after the date on which the person abused attained the age of 18 years. 735 ILCS 5/13—202.2(b) (West 1992). Because the plaintiffs here were both in their forties, their claims would be time-barred by this provision.

Although the repose provision was not in effect when the abuse allegedly took place and was deleted from the law before plaintiffs actually filed suit, the circuit court reasoned: (1) that while the repose period was still in effect, it operated to extinguish plaintiffs' right to seek recovery from L.H., (2) that L.H.'s right to plead the period of repose as a defense was vested and could not be destroyed by the subsequent legislative change, and (3) that section 13—202.2(e) of the new law (735 ILCS 5/13—202.2(e) (West 1994)), which specifies that the changes made by the law are applicable only to actions

commenced on or after its effective date, was not intended by the legislature to revive actions that were already time-barred.

The appellate court affirmed. It found that plaintiffs had waived their right to appeal dismissal of the claims against G.H. and addressed only the timeliness of their claims against L.H. under section 13—202.2 of the Code of Civil Procedure. With respect to that issue, the appellate court agreed with the circuit court's analysis and held that plaintiffs' claims against L.H. were barred by the 12-year statute of repose contained in the previous version of the statute (735 ILCS 5/13—202.2(b) (West 1992)).

In reaching this result, the appellate court rejected an argument by plaintiffs that the statute of repose is invalid under article I, section 12, of the 1970 Illinois Constitution (Ill. Const. 1970, art. I, § 12) and should not be applied because it arbitrarily eliminates a cause of action that existed at common law. The court also rejected plaintiffs' alternative argument that they should have been granted a reasonable time following enactment of the 12-year statute of repose to file suit against L.H. The court reasoned that plaintiffs' argument could only succeed if plaintiffs had a viable cause of action at the time the repose period was enacted. The court believed, however, that under the law as it existed prior to enactment of the repose period, plaintiffs' right to sue L.H. had already lapsed.

After the appellate court affirmed the circuit court's judgment, plaintiffs petitioned this court for leave to appeal under Supreme Court Rule 315 (155 Ill. 2d R. 315). We allowed that petition, and the matter is now before us for review.

As a preliminary matter, we note that the viability of plaintiffs' claims against their mother, G.H., is no longer at issue. As in the appellate court, plaintiffs have

presented no argument and cited no authority challenging the circuit court's determination that their claims against G.H. were time-barred by the general personal injury limitations period set forth in section 13—202 of the Code of Civil Procedure (735 ILCS 5/13—202 (West 1994)).

Our examination today is concerned solely with the timeliness of plaintiffs' claims against L.H., their father. How we resolve that issue turns on the applicability of the 12-year period of repose contained in the original version of section 13—202.2 of the Code of Civil Procedure (735 ILCS 5/13—202.2 (West 1992)).

When that statute was enacted, the law provided that it governed actions pending on its effective date, January 1, 1991, as well as actions commenced on or after that date. 735 ILCS 5/13—202.2(e) (West 1992). Once the law took effect, it effectively barred anyone over the age of 30 from bringing an action for damages for personal injury based on childhood sexual abuse. This included both of the plaintiffs. For D.M.H., who was born in 1949 and turned 18 in 1967, the 12-year period expired in 1979. For M.E.H., who was born in 1950 and turned 18 in 1968, the 12-year period expired in 1980.

Shortly before plaintiffs commenced their action, the 12-year period of repose was deleted from the statute. The deletion was made by the General Assembly in legislation that took effect on January 1, 1994, and was to apply to actions commenced on or after that date. 735 ILCS 5/13—202.2(e) (West 1994). Plaintiffs here filed suit in October of 1994, nearly 10 months later.

Although the 12-year repose period was repealed, that repeal did not alter the viability of plaintiffs' claims. More than a hundred years ago, our court held that once a statute of limitations has expired, the defendant has a vested right to invoke the bar of the limitations period as a defense to a cause of action. That right

cannot be taken away by the legislature without offending the due process protections of our state's constitution. *Board of Education of Normal School District v. Blodgett*, 155 Ill. 441, 445-50 (1895).

Our court has continued to adhere to this view. See *Sepmeyer v. Holman*, 162 Ill. 2d 249, 253-55 (1994). Although the present matter involves a statute of repose rather than a statute of limitations, there is no basis for applying a different rule. In terms of a defendant's due process rights, the situations are the same. Accordingly, we agree with the circuit and appellate courts that repeal of the statutory repose period could not operate to revive plaintiffs' claims. If the claims were time-barred under the old law, they remained time-barred even after the repose period was abolished by the legislature.

In response to this conclusion, plaintiffs contend that the old statute of repose should not be applied in a way that would render their claims untimely. Citing cases such as *Mega v. Holy Cross Hospital*, 111 Ill. 2d 416 (1986), and *Costello v. Unarco Industries, Inc.*, 111 Ill. 2d 476 (1986), plaintiffs assert that the statute of repose had the effect of shortening the time they had to file suit and that they should therefore be allowed a reasonable period following the law's enactment to commence their action.

A statute of repose will not operate to shorten the time for filing suit unless the claim is still viable at the time the statutory period of repose takes effect. The appellate court believed that this condition was not satisfied here. In the appellate court's view, the limitations statutes governing personal injuries (Ill. Rev. Stat. 1989, ch. 110, par. 13—202) and minors (Ill. Rev. Stat. 1989, ch. 110, par. 13—211) obligated plaintiffs to file their claims within two years of attaining the age of 18 years. Under this approach, the deadlines for bringing suit,

1969 for D.M.H. and 1970 for L.E.H., had long since passed by the time the statute of repose went into effect in 1991.

Plaintiffs took exception to this analysis. They argued that under the pre-1991 law, the limitations period should not have begun to run until they recovered their memories and thereby discovered the abuse they had sustained and its connection with their injuries. In the appellate court's view, however, the common law discovery rule did not apply to claims arising out of childhood sexual abuse where memory of the abuse had been repressed by the plaintiff.

On this appeal, plaintiffs contend that the appellate court's refusal to apply the discovery rule to childhood sexual abuse cases conflicts with decisions from other districts of the appellate court, is contrary to federal precedent on the subject, and is incorrect. Resolution of those matters, however, is not necessary to the disposition of this appeal. Even if the appellate court erred and the discovery rule should have been applied, plaintiffs' claims were still untimely.

There is no dispute that application of the discovery rule to the facts of this case would mean that plaintiffs' claims were still viable at the time the statute of repose went into effect in 1991. If the claims were viable in 1991, the statute of repose would have had the effect of defeating those claims immediately because, as we have discussed, the 12-year period had long since passed. Accordingly, this would be a situation where, as plaintiffs contended, the statute shortened the time they had to file suit.

The problem for plaintiffs is that this conclusion does not eliminate the barrier to their claims. Where the legislature shortens the time for bringing suit, the courts will not apply the new legislation in a way that will instantaneously extinguish a cause of action that

existed before the legislation took effect. At the same time, however, the amount of time the courts will grant plaintiffs to initiate their litigation is not limitless. Plaintiffs must proceed within a reasonable time following the effective date of the statute of repose. If they fail to do so, their actions will be barred even if they have not yet discovered that they have a claim. *Mega*, 111 Ill. 2d at 420-22.

There is no fixed rule for determining what constitutes a reasonable time. Whether plaintiffs have acted within a reasonable time turns on the particular facts and circumstances presented to the court in each case. See *People ex rel. Skinner v. Caudill Rowlett Scott*, 172 Ill. App. 3d 790, 796 (1988); *Boggs v. Adams*, 45 F.3d 1056, 1063 (7th Cir. 1995).

Where the newly enacted statute of repose was four years, this court held that to allow a period of time greater than the repose period itself would defeat the purpose of the statute. *Mega*, 111 Ill. 2d at 422. Plaintiffs here urge us to hold that the reasonable time for them to act should be measured by the statutory repose period. We disagree. Using the period of repose to define what constitutes a reasonable time for bringing suit may be appropriate where the repose period is relatively short. In this case, however, the repose period is 12 years, six times longer than the applicable two-year limitations period. Where the repose period is as long as it is here, using that period to gauge the timeliness of subsequently filed litigation would be excessive and unwarranted.

In determining what constitutes a reasonable time for filing suit, the legislature's intent in enacting the repose period is an appropriate consideration. Unlike *Mega*, the period of repose at issue in this case is triggered by the attainment of a certain age, not by the occurrence of the actionable conduct. When it enacted the

law, the legislature obviously believed that no one should be permitted to bring suit more than 12 years after his or her eighteenth birthday. Under the plaintiffs' theory, however, suit could be brought regardless of a person's age provided that it was filed within 12 years of when the law took effect. Age would be irrelevant. As a result, the point of the law would be lost.

Plaintiffs suggest that we should be unconcerned with the prior law now that it has been repealed. They argue that fairness, equity, and public policy demand that L.H. not be permitted to shield himself from liability based on a statutory provision that was in effect for only a short time and is no longer part of the Code of Civil Procedure. Although we are not unsympathetic to plaintiffs' position, it fails to take into account that there are other interests at stake here. As we have previously discussed, a defense based on the expiration of a limitations period is a vested right protected by the constitution and beyond legislative interference. *Sepmeyer*, 162 Ill. 2d at 253-55. By analogy, the same is true of a defense based on the expiration of a statute of repose. These rights are as valuable and entitled to as much protection as the plaintiffs' right to bring the suit itself. *Sepmeyer*, 162 Ill. 2d at 255. Accordingly, they cannot be ignored simply because the legislature has subsequently changed its position.

Another problem with plaintiffs' view is its implicit assumption that the timeliness of litigation filed after enactment of the period of repose is best gauged according to a fixed standard that would apply in every case. The flaw in this assumption is that it fails to recognize that any fixed standard is, to some extent, arbitrary. Whether the court sets the period at one year or 12, some group of plaintiffs is going to be left out regardless of the equities in a particular case.

A way to avoid this problem is to take a case-by-case

approach. As indicated above, that is precisely what the courts in Illinois have done. Whether plaintiffs have acted within a reasonable time turns on the particular facts and circumstances presented to the court in each case.

Turning then to the particular facts before us, we have concluded that plaintiffs' claims were properly dismissed as untimely. Although plaintiffs assert that they were still uncovering new and different incidents of abuse as late as 1995, they both admitted that they had discovered that they were victims of childhood sexual abuse by 1992. Yet, they did not file suit until the fall of 1994, two years later and almost three years and 10 months after the 12-year period of repose took effect.

In arguing that they acted with sufficient dispatch, plaintiffs have cited the appellate court's opinion in *Phillips v. Johnson*, 231 Ill. App. 3d 890 (1992). That case, however, is inapposite. There the plaintiffs had already filed suit by the time the period of repose took effect. As we have just noted, plaintiffs in this case did not initiate their litigation until years after the effective date of the repose period.

There are no compelling reasons to justify plaintiffs' delay. The excuse plaintiffs gave in the trial court for not filing suit earlier was simply that they did not believe they could. According to their response to defendants' motion to dismiss, plaintiffs believed that enactment of the repose period precluded them from bringing suit and left them with no cause of action until the 12-year period was repealed by the new legislation in January of 1994. Contrary to the position they have taken on appeal, plaintiffs did not contend that reasonable additional time was still available to them.

As we have discussed, and as plaintiffs have now recognized, this view of the law was incorrect. Plaintiffs

did have a reasonable period after the law took effect to bring suit. In addition, the viability of their action was not dependent on subsequent legislation. For reasons previously mentioned, if plaintiffs' claims were time-barred under the old law, they would have remained time-barred even after the repose period was abolished by the legislature.

There is nothing unique or novel about these principles. Plaintiffs may not have fully understood them until now, but that is no basis for overlooking plaintiffs' delay. In any case, even if plaintiffs were somehow justified in deferring action while the repose period remained in effect, that still does not account for why they waited an additional $9^1/2$ months after the repose period was repealed before finally taking action.

For the foregoing reasons, we must conclude that plaintiffs did not act within a reasonable time in prosecuting their claims. The circuit court was therefore correct in granting defendants' motion to dismiss, and its judgment was properly upheld by the appellate court. Accordingly, the judgment of the appellate court is affirmed.

*Affirmed.*

JUSTICE NICKELS took no part in the consideration or decision of this case.

JUSTICE HEIPLE, specially concurring:

While I join in the rationale and judgment of the majority opinion, I specially concur to emphasize what this opinion does not hold. Specifically, this opinion does not address: (1) whether the common law discovery rule applies to sexual abuse cases arising prior to the 1991 statutory enactment of a discovery rule for such cases (735 ILCS 5/13—202.2(b) (West 1994)); and (2) what impact the sudden traumatic event exception (see, *e.g.*, *Golla v. General Motors Corp.*, 167 Ill. 2d 353, 364 (1995))

might pose to any applicable discovery rule for sexual abuse cases where victims claim to have repressed memories of the abuse.

The majority opinion sidesteps these issues and affirms the dismissal of the plaintiffs' complaint because, irrespective of the answers to the above questions, plaintiffs were barred from recovery because the 1991 statute of repose, though subsequently repealed, nevertheless had vested in defendant (*cf. Sepmeyer v. Holman*, 162 Ill. 2d 249, 253-55 (1994) (holding that defendant had vested right in statute of limitations period notwithstanding that it was subsequently repealed)) and operated to require plaintiffs to file their suit in a reasonable time upon discovery of the injury (*Mega v. Holy Cross Hospital*, 111 Ill. 2d 416 (1986)). Plaintiffs, however, delayed filing their complaint for two years after discovering the abuse. This was certainly unreasonable given that it resulted in plaintiffs' complaint being filed 3 years and 10 months after the 12-year repose period had taken effect for purposes of the instant defendant. 177 Ill. 2d at 220. Thus, plaintiffs' complaint was properly dismissed and, to this extent, I concur.