**SECOND DIVISION**
**MAY 30, 2006**

No. 1-05-1175

FREDERICK H. KUCH,                          )        Appeal from the
                                            )        Circuit Court of
          Plaintiff-Appellant,              )        Cook County.
                                            )
     v.                                     )
                                            )
CATHOLIC BISHOP OF CHICAGO, a               )        No. 04 L 3385
Corporation Sole, and CLARENCE TOPP         )
a/k/a Clarence Von Topp,                    )
                                            )        The Honorable
          Defendants-Appellees.             )        Diane J. Larsen,
                                            )        Judge Presiding.

     PRESIDING JUSTICE GARCIA delivered the opinion of the court.

     On March 24, 2004, the plaintiff, Frederick Kuch, sued the

defendants, the Catholic Bishop of Chicago and Clarence Topp, to

recover damages for injuries he sustained when he was sexually

abused by Topp in 1960.  On January 25, 2005, the trial court

dismissed the plaintiff's complaint as time-barred.  The

plaintiff appeals that order, arguing that his complaint was

timely in light of amendments made in 2003 to the childhood

sexual abuse provisions of the Code of Civil Procedure (Code)

(735 ILCS 5/13-202.2 (West 2004)).  For the reasons that follow,

we affirm the judgment of the trial court.

     In his complaint, the plaintiff alleged that in 1960, Topp

was the choirmaster of the Little Singers of the Sacred Cross

Choir of the Nativity of Our Lord Church.  The Catholic Bishop hired Topp for that position.  The plaintiff, who was 12 years old at that time, was a member of the choir.  The plaintiff alleged that the Topp sexually abused him during his involvement with the choir.

The plaintiff indicated that, as a consequence of the abuse, he has, and continues to suffer from, generalized anxiety disorder, post-traumatic stress disorder, and avoidant personality disorder with self-defeating personality traits.  In his initial complaint, he alleged that he did not become aware that these injuries were a result of the sexual abuse until 2002.

Both defendants filed motions to dismiss the plaintiff's complaint as untimely.  The defendants argue that his claims were time-barred in 1991 when a 12-year statute of repose took effect.  They also contend that the claims were barred by the two-year statute of limitations for personal injuries, which would have required the plaintiff to file his claim within two years of reaching majority age.

In October 2004, the plaintiff moved for leave to file an amended complaint.  The amended complaint alleged the same violations in the original complaint but also explained that "[p]laintiff did not become aware until November of 2003 that his injuries of ill-being *** and other injuries were caused by the sexual abuse attack upon him by defendant Topp in 1960."

The defendants again moved to dismiss the plaintiff's

2

complaint as time-barred.  Attached to the plaintiff's response
to the defendants' motions was a letter from Dr. Ronald H.
Rottschafer, a clinical psychologist, that stated that the
plaintiff consulted him for treatment in November 2003 and at
that time, the plaintiff was not aware that his symptoms and
emotional injuries were the result of having been sexually
abused.  In January 2005, the trial court granted the defendants'
motions to dismiss.  The court held that the plaintiff's claims
were time-barred and it dismissed his complaint with prejudice.
In March 2005, the court denied the plaintiff's motion to vacate
or reconsider that order.  This appeal followed.

The plaintiff argues that this court should apply the
statute of limitations found in section 13-202.2 of the Code as
amended in 2003.  That section provides:

"Notwithstanding any other provision of
law, an action for damages for personal
injury based on childhood sexual abuse must
be commenced *** within 5 years of the date
the person abused discovers or through the
use of reasonable diligence should discover
both (i) that the act of childhood sexual
abuse occurred and (ii) that the injury was
caused by the childhood sexual abuse.  The
fact that the person abused discovers or
through the use of reasonable diligence

should discover that the act of childhood sexual abuse occurred is not, by itself, sufficient to start the discovery period under this subsection (b). Knowledge of the abuse does not constitute discovery of the injury or the causal relationship between any later-discovered injury and the abuse." 735 ILCS 5/13-202.2(b) (West 2004).

The plaintiff contends that his "substantive right to sue pursuant to the new amended statute trumps *** the defendants' so-called due process rights under a statute of limitations and/or repose."

The defendants argue that the trial court properly dismissed the plaintiff's action because it was already time-barred when the legislature amended section 13-202.2 in 2003. The defendants contend that the plaintiff's action was barred in 1991 when the legislature amended that same section to provide for a 12-year statute of repose for childhood sexual abuse cases. In 1991, section 13-202.2(b) read:

"An action for damages for personal injury based on childhood sexual abuse must be commenced within 2 years of the date the person abused discovers or through the use of reasonable diligence should discover that the act of childhood sexual abuse occurred and

4

that the injury was caused by the childhood
sexual abuse, but in no event may an action
for personal injury based on childhood sexual
abuse be commenced more than 12 years after
the date on which the person abused attains
the age of 18 years."  Ill. Rev. Stat., 1990
Supp., ch. 110, par. 13-202.2(b) (eff.
January 1, 1991).

The defendants argue that "once the plaintiff's claim was time
barred, it was not and could not have been retroactively revived
by a 2003 amendment lengthening the limitations period for
childhood sexual abuse."  The defendants also contend that the
plaintiff's claim was barred by the personal injury statute of
limitations, which would have required him to file a claim within
two years after reaching majority age.

The defendants moved to dismiss the plaintiff's complaint
pursuant to section 2-619(a)(5) of the Code (735 ILCS 5/2-
619(a)(5) (West 2004)).  A defendant is entitled to dismissal
under section 2-619(a)(5) if the "action was not commenced within
the time limited by law."  735 ILCS 5/2-619(a)(5) (West 2004).
We review a trial court's dismissal of a plaintiff's complaint
de novo.  Raintree Homes, Inc. v. Village of Long Grove, 209 Ill.
2d 248, 254, 807 N.E.2d 439 (2004).

In M.E.H. v. L.H., 177 Ill. 2d 207, 685 N.E.2d 335 (1997),
the supreme court held that the 12-year statute of repose barred

a tort action for sexual child abuse even though the statute was not in effect when the abuse occurred and was repealed before the action was filed.  In that case, the plaintiffs were sexually abused by their father from the age of four continuing through high school.  In 1994, when both plaintiffs were in their forties, they filed a complaint against the defendant.  The plaintiffs alleged that the abuse caused them to repress the memories of the abuse, prevented them from understanding the impact of the assault, and impaired them so that they were incapable of asserting their rights more promptly.  They alleged that they filed their suit within two years of discovering the abuse and the injuries that it caused.  M.E.H., 177 Ill. 2d at 210.

Following the defendant's motion to dismiss, the trial court dismissed the plaintiffs' complaint, holding that the claim was time-barred based on the 12-year statute of repose found in the 1991 version of section 13-202.2(b).  M.E.H., 177 Ill. 2d at 212.  The supreme court agreed.  It explained that "[w]hen that statute was enacted, the law provided that it governed actions pending on its effective date, January 1, 1991, as well as actions commenced on or after that date. [Citation.] Once the law took effect, it effectively barred anyone over the age of 30 from bringing an action for damages for personal injury based on childhood sexual abuse."  M.E.H., 177 Ill. 2d at 214.

Although the statute of repose was repealed in 1994, the

6

supreme court held that the repeal did not alter the viability of the plaintiffs' claims.  The court explained that "once a statute of limitations has expired, the defendant has a vested right to invoke the bar of the limitations period as a defense to a cause of action.  That right cannot be taken away by the legislature without offending the due process protections of our state's constitution."  M.E.H., 177 Ill. 2d at 214-15.  Although that case concerned a statute of repose, not a statute of limitations, the court held that "there is no basis for applying a different rule."  M.E.H., 177 Ill. 2d at 215.  The "repeal of the statutory repose period could not operate to revive plaintiffs' claims.  If the claims were time-barred under the old law, they remained time-barred even after the repose period was abolished by the legislature."  M.E.H., 177 Ill. 2d at 215.

In this case, if we assume that the plaintiff's claims were still viable when the 1991 amendment took effect, that amendment effectively barred the plaintiff, who was 43 in 1991, from bringing an action for damages for personal injury based on the childhood abuse.  Although the amendment did not instantaneously extinguish his cause of action, the plaintiff was required to file his complaint within a reasonable time.  The plaintiff did not file his claim until 2004 -- 13 years after the statute of repose went into effect.  Waiting 13 years, one year longer than the period of repose itself, was not a reasonable time period in which to file a claim.  See M.E.H., 177 Ill. 2d at 217 (the

supreme court rejected the argument that a reasonable time period should be measured by the statutory repose period and explained "the repose period is 12 years, six times longer than the applicable two-year limitations period. Where the repose period is as long as it is here, using that period to gauge the timeliness of subsequently filed litigation would be excessive and unwarranted").

We hold that the plaintiff's claims were time-barred when he did not file his claim within a reasonable time following the effective date of the statute of repose. Because the plaintiff's claims were time-barred under the statute of repose, they could not be revived by the 2003 amendments. These claims, therefore, were properly dismissed. See M.E.H., 177 Ill. 2d at 218 (a defense based on the expiration of a statute of repose is a vested right protected by the constitution and beyond legislative interference and cannot be ignored "simply because the legislature has subsequently changed its position").

Although we chose to address the plaintiff's arguments under the 1991 amendments, we do not hold that the plaintiff had a viable claim when the amendments when into effect. See Clay v. Kuhl, 189 Ill. 2d 603, 727 N.E.2d 217 (2000). In Clay, the plaintiff sued for damages she sustained when she was sexually abused as a child. Because the plaintiff was a minor when the abuse occurred, she had only two years, after reaching the age of majority, to file her claim unless the common law discovery rule

8

applied. "Under the discovery rule, a party's cause of action accrues when the party knows or reasonably should know of an injury and that the injury was wrongfully caused." Clay, 189 Ill. 2d at 608.

In Clay, the plaintiff did not contend that she repressed memories of her childhood sexual abuse or that she was not aware that the misconduct was harmful. She instead alleged that she did not discover the full extent of the injuries caused by the abuse until years later. The supreme court dismissed the plaintiff's complaint as untimely, holding that the plaintiff was required to file her claim within two years of reaching the age of majority. The plaintiff's failure to learn the full extent of the injuries caused by the defendant's acts did not toll the statute of limitations where she was aware of the abuse and that the abuse was harmful. Clay, 189 Ill. 2d at 613.

In this case, the plaintiff does not allege that he repressed memories of the abuse or that he did not understand that the abuse he sustained was harmful. Like the plaintiff in Clay, he instead alleged that he did not understand that the injuries he suffered as an adult were caused by the abuse. Because the plaintiff's failure to learn the full extent of his injuries did not toll the statute of limitations, the plaintiff was required to file his claim within two years of reaching the age of majority. See Ill. Rev. Stat. 1961, ch. 83, par. 15. Because he failed to file a timely claim, we affirm the trial

9

court's dismissal of his complaint.

For the reasons stated, we affirm the judgment of the trial court.

Affirmed.

WOLFSON and HALL, JJ., concur.