PRESIDING JUSTICE SPOMER delivered the opinion of the court: In January 2004, the plaintiff, Virginia Galloway, filed a complaint against the defendants, Diocese of Springfield in Illinois (Springfield Diocese), Diocese of Belleville (Belleville Diocese), and two priests, Herman Niebrugge and Theodore Baumann. The complaint alleged that a third priest, Richard Niebrugge, had sexually abused her from the time she was 10 years old in 1967 until his death in 1983. The complaint further alleged that the priests named as defendants became aware of the abuse while the plaintiff was a minor and that they aided and abetted him in the abuse by failing to report it and helping him to cover it up. The plaintiff appeals the order of the circuit court of Madison County which dismissed her complaint on the basis that it was barred by the statute of repose governing personal injury cases based on child sexual abuse. The statute was in effect from January 1, 1991, until it was repealed effective January 1, 1994. The plaintiff raises the following issues on appeal: (1) whether the circuit court erred in finding that the statute in effect after 1994, which repealed the statute of repose, should not be applied retroactively, (2) whether the circuit court erred in finding that the Belleville Diocese and the priests in its employ did not owe the plaintiff a fiduciary duty, and (3) whether the circuit court erred in finding that the plaintiff failed to state a claim for civil conspiracy. For the reasons set forth below, we affirm the order of the circuit court on the basis of the statute of repose in effect from January 1, 1991, until January 1, 1994. Because the statute of repose bars the plaintiff’s claim for personal injury based on childhood sexual abuse, we need not reach the remaining issues raised by the plaintiff. Prior to 1991, lawsuits seeking damages for childhood sexual abuse were subject to the same statute of limitations applicable to personal injury actions. Benton v. Vonnahmen, 288 Ill. App. 3d 199, 201-02 (1997), citing Ill. Rev. Stat. 1989, ch. 110, par. 13 — 202 (now 735 ILCS 5/13 — 202 (West 2004)); Ill. Rev. Stat. 1989, ch. 110, par. 13 — 211 (now see 735 ILCS 5/13 — 211 (West 2004)). In September 1990, the Illinois legislature amended the Limitations Act to provide a statute of limitations specific to claims of childhood sexual abuse. Pub. Act 86 — 1346, eff. January 1, 1991 (adding Ill. Rev. Stat., 1989 Supp., ch. 110, par. 13 — 202.2). The 1990 amendment, which became effective on January 1, 1991, included a statute of repose providing, “[I]n no event may an action for personal injury based on childhood sexual abuse be commenced more than 12 years after the date on which the person abused attains the age of 18 years.” Ill. Rev. Stat., 1989 Supp., ch. 110, par. 13 — 202.2(b) (now see 735 ILCS 5/13 — 202.2 (West 2004)). In effect, then, the statute of repose barred claims for childhood sexual abuse by anyone 30 years or older. M.E.H. v. L.H., 177 Ill. 2d 207, 214 (1997). In 1993, the legislature again amended the relevant provision of the Limitations Act. The amendment eliminated the statute of repose. Pub. Act 88 — 127, §5, eff. January 1, 1994. Subsection (e) of the then-new statute addressed the applicability of the amendment, providing, in relevant part, “The changes made by this amendatory Act of 1993 shall apply only to actions commenced on or after the effective date of this amendatory Act of 1993.” 735 ILCS 5/13 — 202.2(e) (West Supp. 1993). The plaintiff relies on this language to argue that the amendment should apply retroactively. However, the Illinois Supreme Court has rejected this argument and unequivocally ruled, in relation to the very statute of repose at issue, that the right to invoke the statute of repose as a defense to a cause of action cannot be taken away without offending the due process clause of the Illinois Constitution. M.E.H., 177 Ill. 2d at 214-15; Ill. Const. 1970, art. I, §12. The plaintiff turned 18 on September 25, 1975, and turned 30 on September 25, 1987. Thus, her claim was barred by the statute of repose when it went into effect on January 1, 1991. Accordingly, the statute of repose extinguished the plaintiff’s cause of action, and the defendants have a vested right under the due process clause of the Illinois Constitution to invoke the statutory repose period, even after the repose period was abolished by the legislature. See M.E.H., 177 Ill. 2d at 218 (“[A] defense based on the expiration of a limitations period is a vested right protected by the constitution and beyond legislative interference”). The plaintiff argues that because the Illinois Supreme Court has rejected the “vested rights” approach to retroactivity and has adopted the legislative intent analysis announced by the United States Supreme Court in Landgraf v. USI Film Products, 511 U.S. 244, 128 L. Ed. 2d 229, 114 S. Ct. 1483 (1994), it has effectively overruled its decision in M.E.H. See Commonwealth Edison Co. v. Will County Collector, 196 Ill. 2d 27 (2001). We find this argument unpersuasive. In Commonwealth Edison Co., a taxpayer filed a complaint against a county collector to challenge the county’s failure to apply a rate cap to property taxes to fund workers’ compensation and liability insurance. Commonwealth Edison Co., 196 Ill. 2d at 31. At issue in the case was whether certain tax rate amendments should be applied retroactively to the tax levies, which had been adopted six weeks before the amendments became effective. Commonwealth Edison Co., 196 Ill. 2d at 33. In ruling on the retroactivity of the tax rate amendments, the Illinois Supreme Court adopted the approach to retroactivity described by the United States Supreme Court in Landgraf. Commonwealth Edison Co., 196 Ill. 2d at 39. Under the Landgraf test, if the legislature clearly indicated what the temporal reach of an amended statute should be, then, absent a constitutional prohibition, that expression of legislative intent must be given effect. Commonwealth Edison Co., 196 Ill. 2d at 38, citing Landgraf, 511 U.S. at 280, 128 L. Ed. 2d at 261-62, 114 S. Ct. at 1505. Commonwealth Edison Co. makes clear that previous decisions that define rights that are “vested” and thus protected from the impact of statutory change by the due process clause of the Illinois Constitution remain relevant to the extent that they address the issue of constitutionality. Commonwealth Edison Co., 196 Ill. 2d at 47. Hence, although Commonwealth Edison Co. switches the focus of the first step of the retroactivity analysis from “vested rights” to legislative intent, it did not overrule the ruling in M.E.H. that taking away the right to invoke the statute of repose as a defense to a cause of action is constitutionally prohibited. In fact, Commonwealth Edison Co. recognizes that had it dealt with the application of an amendment which would have resurrected a claim that had previously been barred, the result would have been different. Commonwealth Edison Co., 196 Ill. 2d at 48-49. M.E.H. is still good law, and we are compelled to abide by it. Accordingly, the repeal of the 12-year repose period governing claims of childhood sexual abuse cannot, consistent with due process, operate to revive the plaintiffs claim. See M.E.H., 177 Ill. 2d at 215. Because the plaintiffs claim was time-barred when the 12-year repose period took effect, it remains time-barred even after the repose period was abolished by the legislature. See M.E.H., 177 Ill. 2d at 215 (“If the claims were time-barred under the old law, they remained time-barred even after the repose period was abolished by the legislature”). For the foregoing reasons, the order of the circuit court granting the defendants’ motion to dismiss is affirmed.[1] Affirmed. DONOVAN, J., concurs. Our colleagues in the First District have recently affirmed an order dismissing a cause of action on the same grounds. Kuch v. Catholic Bishop of Chicago, 366 Ill. App. 3d 309 (2006).