FOURTH DIVISION
November 25, 2009

No. 1-08-2395

| | | |
|---|---|---|
| JOHN JOHNSON, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | No. 08 L 3127 |
| | ) | |
| THE AUGUSTINIANS, a/k/a Order of St. Augustine, a/k/a | ) | Honorable |
| Augustinians of the Midwest Province, d/b/a Province of | ) | Elizabeth M. Budzinski |
| Our Mother of Good Counsel of the Augustinian Order, | ) | Judge Presiding. |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |

PRESIDING JUSTICE O'MARA FROSSARD delivered the opinion of the court:

Plaintiff John Johnson brought this action against defendant The Augustinians, a/k/a Order of St. Augustine, a/k/a Augustinians of the Midwest Province, d/b/a Province of Our Mother of Good Counsel of the Augustinian Order, for injuries he claims to have sustained as a result of alleged sexual abuse by two of defendant's members, a priest and a brother, that occurred between 1976 and 1979. The trial court concluded that plaintiff's claims were barred by the 12-year period of repose contained in the 1991 version of section 13-202.2 of the Code of Civil Procedure (735 ILCS 5/13-202.2) (West 2006) (formerly Ill. Rev. Stat., 1990 Supp., ch. 110, par. 13-202.2(b)), and that application of subsequent versions of the statute would deprive defendant of its due process rights. Therefore, the trial court granted defendant's motion to dismiss pursuant to section 2-619(a)(5) of the Code of Civil Procedure. 735 ILCS 5/2-619(a)(5) (West 2006). For the reasons that follow, we affirm the judgment of the trial court.

## I. BACKGROUND

On March 20, 2008, plaintiff filed a complaint against defendant. The complaint alleged that plaintiff sustained personal injuries as a result of being sexually abused as a minor by a priest, John Murphy and a brother, John Thedens. According to the complaint, plaintiff was sexually assaulted and abused by Murphy between 1976 and 1979 and was sexually assaulted on multiple occasions by Thedens in 1977. At the time of the alleged abuse, both Murphy and Thedens were members of the Province of Our Mother of Good Counsel of the Augustinian Order. Plaintiff's birthday is July 17, 1963. Thus, plaintiff was 44 years old at the time he filed suit, which was 29 years after the alleged sexual abuse ended.

Plaintiff asserts that he has experienced severe psychological trauma, including memory repression and disassociation, as a result of the circumstances under which the sexual abuse occurred. Plaintiff has only recently been able to connect his severe psychological and emotional problems with the acts of Murphy and Thedens and the alleged knowing conduct by defendant. Plaintiff has also alleged that it was the concealment by defendant of the pedophiliac conduct of its priests and brothers, including Murphy and Thedens, that contributed to the fact that plaintiff was unable to discover the abuse and injuries he suffered until recently.

On August 7, 2008, the trial court granted defendant's motion to dismiss plaintiff's complaint. Specifically, the court concluded that on July 17, 1993, which was the date plaintiff turned 30 years old, his claims were barred by the 12-year statute of repose. The trial court decided that, on July 17, 1993, the defendant acquired a vested right in invoking the defenses, as set forth in the 1991 version of section 13-202.2, and that retroactive application of subsequent

2

versions of section 13-202.2 would deprive defendant of its due process rights. Plaintiff appealed.

## II. ANALYSIS

In reviewing orders on motions to dismiss brought under section 2-619(a)(5)of the Code of Civil Procedure, we apply a *de novo* standard of review. *Ferguson v. City of Chicago*, 213 Ill. 2d 94, 99, 820 N.E.2d 455, 459 (2004). A defendant is entitled to an involuntary dismissal under section 2-619(a)(5) if the "action was not commenced within the time limited by law." 735 ILCS 5/2-619(a)(5) (West 2006).

Actions arising from childhood sexual abuse are subject to the statute of limitations found in section 13-202.2(b) of the Code of Civil Procedure. 735 ILCS 5/13-202.2(b) (West 2006). In 1991, when the statute was originally enacted, it read as follows:

> "An action for damages for personal injury based on childhood sexual
>
> abuse must be commenced within 2 years of the date the person abused discovers
>
> or through the use of reasonable diligence should discover that the act of
>
> childhood sexual abuse occurred and that the injury was caused by the childhood
>
> sexual abuse, *but in no event may an action for personal injury based on*
>
> *childhood sexual abuse be commenced more than 12 years after the date on*
>
> *which the person abused attains the age of 18 years.*" (Emphasis added.) Ill. Rev.
>
> Stat., 1990 Supp., ch. 110, par. 13-202.2(b) (effective January 1, 1991).

The current version of the statute, as amended in 2003, now provides:

> "(b) Notwithstanding any other provision of law, an action for damages for
>
> personal injury based on childhood sexual abuse must be commenced within 10

years of the date the limitation period begins to run under subsection (d) *or within 5 years of the date the person abused discovers* or through the use of reasonable diligence should discover both (i) that the act of childhood sexual abuse occurred and (ii) that the injury was caused by the childhood sexual abuse. The fact that the person abused discovers or through the use of reasonable diligence should discover that the act of childhood sexual abuse occurred is not, by itself, sufficient to start the discovery period under this subsection (b). Knowledge of the abuse does not constitute discovery of the injury or the causal relationship between any later-discovered injury and the abuse.

\* \* \*

(e) This Section applies to actions pending on the effective date of this amendatory Act of 1990 as well as to actions commenced on or after that date. The changes made by this amendatory Act of 1993 shall apply only to actions commenced on or after the effective date of this amendatory Act of 1993. *The changes made by this amendatory Act of the 93rd General Assembly apply to actions pending on the effective date of this amendatory Act of the 93rd General Assembly as well as actions commenced on or after that date.*" (Emphasis added.) 735 ILCS 5/13-202.2(b) (West 2004).

The issue before this court is whether defendant had a vested right to invoke the bar of the 12-year statute of repose contained in the 1991 version of section 13-202.2 as a defense to plaintiff's claims. Plaintiff contends that his claims are not barred by the now-repealed statute of

repose because the Illinois legislature amended section 13-202.2 in 2003 to extend the limitations period and expressed a clear intention that the amendment be applied retroactively. Defendant argues that the 2003 amendments cannot be applied retroactively to "revive" plaintiff's claims because defendant's right to assert the statute of repose as a defense vested in 1993, and this vested right is a valuable property right that cannot be taken away by the legislature without offending the due process clause of the Illinois Constitution. In light of the recent decision of the Illinois Supreme Court, *Doe A. v. Diocese of Dallas*, No. 106546 (September 24, 2009), we conclude that the trial court correctly dismissed plaintiff's complaint.

In *Doe A. v. Diocese of Dallas*, the court held that the 2003 amendment to section 13-202.2, which increased the limitations period in childhood sexual abuse cases, could not apply retroactively to revive the plaintiff's claims where they were already time-barred by the time the plaintiff filed suit. As the *Doe A.* court explained, "the 2003 amendment to section 13-202.2 [citation] could not be applied to plaintiff's cause of action without running afoul of this state's constitution." *Doe A.*, slip op. at 11. The court relied upon, and in so doing reaffirmed, its prior decision in *M.E.H. v. L.H.*, 177 Ill. 2d 207, 685 N.E.2d 335 (1997), which is the case relied upon by the trial court in the instant case. Although the 12-year statute of repose set forth in the 1991 version of the statute was not at issue in *Doe A.*, it was at issue in *M.E.H. v. L.H.*

In *M.E.H. v. L.H.*, the supreme court held that the 12-year statute of repose barred a tort action for sexual child abuse even though the statute was not in effect when the abuse occurred and was repealed before the action was filed. As the court explained, "[w]hen that statute was enacted, the law provided that it governed actions pending on its effective date, January 1, 1991,

as well as actions commenced on or after that date. [Citation.] Once the law took effect, it effectively barred anyone over the age of 30 from bringing an action for damages for personal injury based on childhood sexual abuse." *M.E.H. v. L.H.*, 177 Ill. 2d at 214, 685 N.E.2d at 339. The court noted that the "repeal of the statutory repose period could not operate to revive plaintiffs' claims. If the claims were time-barred under the old law, they remained time-barred even after the repose period was abolished by the legislature." *M.E.H. v. L.H.*, 177 Ill. 2d at 215, 685 N.E.2d at 339.

> In *M.E.H. v. L.H.*, the supreme court noted:
>
> "More than a hundred years ago, our court held that once a statute of limitations has expired, the defendant has a vested right to invoke the bar of the limitations period as a defense to a cause of action. That right cannot be taken away by the legislature without offending the due process protections of our state's constitution." *M.E.H. v. L.H.*, 177 Ill. 2d 207, 214-15, 685 N.E.2d 335, 339 (1997), citing *Board of Education of Normal School District v. Blodgett*, 155 Ill. 441, 445-50, 40 N.E.1025 (1895).

It is now well settled under *Doe A. v. Diocese of Dallas* that due process prohibits legislative action that would resuscitate a time-barred claim. The *Doe A.* court reaffirmed the long-established rule that "once a claim is time-barred, it cannot be revived through subsequent legislative action without offending the due process protections of our state's constitution." *Doe A. v. Diocese of Dallas*, slip op. at 14; see also *Clay v. Kuhl*, 189 Ill. 2d 603, 609, 727 N.E.2d 217, 221 (2000); *M.E.H. v. L.H.*, 177 Ill. 2d 207, 214-15, 685 N.E.2d 335, 339 (1997); *Sepmeyer*

1-08-2395

*v. Holman*, 162 Ill. 2d 249, 254, 642 N.E.2d 1242, 1244 (1994).

The 1991 version of the statute, which included the 12-year repose period, barred any claims for childhood sexual abuse after plaintiffs reached the age of 30, regardless of whether they were aware of the sexual abuse, or that they were injured as a result of that abuse. Thus, once the 1991 act took effect, it barred anyone over the age of 30 from bringing a personal injury action for damages based upon allegations of childhood sexual abuse. Plaintiff here attained the age of 30 on July 17, 1993, at which time defendant acquired a vested right in invoking the defense of the statutory repose period contained in the 1991 version of section 13-202.2. The trial court correctly concluded that retroactive application of subsequent versions of section 13-202.2 would deprive defendant of its due process rights. Plaintiff's action is time-barred by the 1991 version of section 13-202.2. The 2003 amendment cannot be applied retroactively to "revive" plaintiff's previously barred claims.

### III. CONCLUSION

For all of the foregoing reasons, we hold that plaintiff's cause of action is barred. The decision of the trial court dismissing plaintiff's action under section 2-619(a)(5) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(5) (West 2006)) is affirmed.

Affirmed.

FITZGERALD SMITH, P.J., and TOOMIN, J., concur.

7